Russell J. Carr, Esq. (15191)
**HUTCHISON & STEFFEN, PLLC**
100 W. Liberty Street, Suite 765
Reno, Nevada 89501
Telephone: (775) 853-8746
rcarr@hutchlegal.com

*Attorney for Kelly Mills Evers*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL PETERSEN,<br>*Plaintiff,*<br>vs.<br>KELLY MILLS EVERS,<br>*Defendant.* | Case No.: 3:26-cv-00094-ART-CSD<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES (SECOND REQUEST)** |
| KELLY MILLS EVERS,<br>*Counterclaimant,*<br>vs.<br>DANIEL PETERSEN,<br>*Counterdefendant.* | |

**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**

Plaintiff Daniel Petersen and Defendant Kelly Mills Evers (hereinafter collectively, the "Parties"), pursuant to and in compliance with Local Rule ("L.R.") IA 6-1 and L.R. 26-3, stipulate and agree to extend the deadlines for disclosure of experts and completing expert depositions as set forth in this Court's Discovery Plan and Scheduling Order filed April 16, 2026 [ECF. No. 31] as set forth below. This is the Parties' second request to extend discovery deadlines.

**I. STATEMENT SPECIFYING THE DISCOVERY COMPLETED**

1. The Parties made their initial disclosures pursuant to Fed. R. Civ. P. 26 on April 17, 2026.

2. Defendant Kelly Mills Evers served her First Set of Interrogatories and Request for Production of Documents (Set One) to Plaintiff on May 8, 2026.

3. Plaintiff Daniel Petersen served his Response to Defendant Kelly Mills Evers' First Set of Interrogatories and Response to Defendant Kelly Mills Evers' First Set of Requests for Production of Documents on June 15, 2026, along with thousands of pages of documents.

4. Plaintiff Daniel Petersen served his First Set of Interrogatories, First Set of Requests for Admission and First Set of Requests for Production of Documents to Defendant Kelly Mills Evers on July 1, 2026.

5. Plaintiff Daniel Petersen served a document subpoena on third-party Menath Insurance on July 2, 2026, and served a document subpoena on third-party Couer Du Lac Homeowners' Association on July 6, 2026. These subpoenas requested compliance by July 17, 2026.

6. Plaintiff Daniel Petersen served his First Supplemental Responses to Defendant Kelly Mills Evers' First Set of Requests for Production of Documents on July 28, 2026, along with supplemental document disclosures.

7. Defendant Kelly Mills Evers served a document subpoena to third-party Menath Insurance on July 17, 2026. Defendant Kelly Mills Evers served a document subpoena to third-party Ron Wright on July 22, 2026. Both subpoenas requested compliance by July 31, 2026.

8. Defendant Kelly Mills Evers served a document subpoena to third-party Brett W. Charboneau Agency, Inc., on August 14, 2026. The subpoena requested compliance by September 4, 2026.

9. Defendant Kelly Mills Evers served a document subpoena on third-party American Family Insurance on August 14, 2026. The subpoena requested compliance by September 4, 2026. Before that date, American Family Insurance informed Defendant that service should be performed at a different address. A new Notice of Intent to serve subpoena duces tecum was issued on September 4, 2026.

10. Couer Du Lac Homeowners' Association responded to the document subpoena on September 3, 2026, with over 1,500 individual documents. Couer Du Lac Homeowners' Association

has yet to provide written responses to the document subpoena or a privilege log for it document production.

11. Defendant Kelly Mills Evers served responses to Plaintiff Daniel Petersen's First Set of Interrogatories, First Set of Requests for Admission and First Set of Requests for Production of Documents to Defendant Kelly Mills Evers on July 29 and July 30, 2026.

12. Defendant Kelly Mills Evers served Plaintiff with Deposition Notices on Menath Insurance employees Ron Wright and Lori Nelson on July 29, 2026.

13. The Deposition of Dan Petersen occurred on August 20, 2026.

## II. DISCOVERY THAT REMAINS TO BE COMPLETED

1. Menath Insurance's response to Plaintiff Daniel Petersen's document subpoena was due July 17, 2026, but no response has been received. Thus, further meet and confer and possible motion practice will be required to obtain compliance. Menath Insurance also needs to respond to Defendant's document subpoena.

2. The deposition of Defendant Kelly Mills Evers needs to be scheduled.

3. The deposition of Sharon Petersen needs to be scheduled.

4. The depositions of Lori Nelson and Ron Wright were initially noticed for September 2 and 3, 2026. On September 1, 2026, Ms. Nelson and Mr. Wright's counsel informed the parties that they were unable to obtain coverage for the depositions that week, forcing the parties to vacate those depositions. Ms. Nelson and Mr. Wright's depositions were tentatively rescheduled for September 14 and 15, 2026. However, because neither party has received subpoena responses the parties have been forced to reschedule these depositions so that the parties can make use of Menath Insurance's eventual subpoena responses.

5. Based on the testimony of the Parties in their depositions and the third-party testimony to be obtained in September, it is possible that another round of written discovery may need to be served by the Parties.

This summary of discovery completed and remaining is not intended to be limiting but is set forth to advise the Court of the remaining discovery that is anticipated in this matter in accordance with L.R. 26-3.

**III. STATEMENT OF REASONS WHY DISCOVERY REMAINING WAS NOT COMPLETED WITH THE TIME LIMITS SET BY THE OPERABLE DISCOVERY PLAN**

1. The Parties have each served document requests to the other and third parties. The responses to those requests have required significant effort to gather, review, process, and produce, and that process is not yet complete by any party or third-party.

2. Moreover, there are third-party witnesses that the Parties agree should be deposed after the above document productions are completed. For example, Couer Du Lac Homeowners' Association finally just produced responsive documents—totaling more than 1,500 individual documents—on September 3, 2026. It will take the Parties additional time to review these 1,500 documents for use in party and third-party depositions. Further, Menath Insurance has yet to produce any subpoena responses, which may require the parties to engage in motions practice before re-noticing depositions for Lori Nelson and Ron Wright.

3. Based on the documents produced, the testimony of Mr. Petersen in his mid-August depositions, and the testimony of third-party witnesses to be obtained in September and October, the Parties will determine the need for retention and disclosure of expert witnesses in this case. To enable a full and fair evaluation of that issue, the Parties need a short recess of the expert-related deadlines, since all the relevant information will not be available until early September, after the current initial expert disclosure deadline.

4. Co-counsel for Defendant's current counsel withdrew from this case on July 10, 2026. Current defense counsel agrees that further time to analyze the need for experts is appropriate.

5. Defendant filed a Special Motion to Dismiss Pursuant to NRS 41.660 and/or Fed. R. Civ. P. 12 (the "Motion to Dismiss") on March 5, 2026. See ECF No. 15. Plaintiff filed his Opposition on March 23, 2026. See ECF No. 23. Defendant filed her Reply on April 9, 2026. See ECF No. 27. Thus, the Motion to Dismiss is still pending. Defendant filed an answer and counterclaim on September 9, 2026.

/ / /

/ / /

/ / /

**IV. CURRENT DISCOVERY AND PRETRIAL DEADLINES AND PROPOSED NEW DEADLINES**

| Deadline | Current Date | Proposed New Date |
|---|---|---|
| Amending Pleadings and Adding Parties | July 21, 2026 | None – Keep Same |
| Fact Discovery Cut-off Date | October 19, 2026 | November 30, 2026 |
| Expert Witness Discovery Cut-off Date | October 26, 2026 | December 7, 2026 |
| Initial Expert Disclosures | September 19, 2026 | October 23, 2026 |
| Rebuttal Expert Disclosures | October 19, 2026 | November 30, 2026 |
| Dispositive Motion Deadline | November 18, 2026 | December 30, 2026 |
| Pre-Trial Order (in absence of dispositive motions) | December 18, 2026 | January 29, 2027 |

The Parties have been working together in good faith to complete discovery in the most efficient, expedient, and cost-effective manner under Rule 1, but have encountered the foregoing facts and circumstances—including third parties' failure to respond to document subpoenas—that have taken an additional amount of time to complete discovery than initially expected.

Based on the foregoing, the Parties submit that there is good cause to modify the discovery deadline, the expert disclosure deadlines, the expert deposition deadlines, and the other deadlines identified above in light of the facts and circumstances of this case.

IT IS STIPULATED AND AGREED by and between the Parties that the deadlines for disclosure of experts and other discovery as set forth in the Discovery Plan and Scheduling Order filed April 16, 2026 [ECF. No. 31] be extended as set forth above and that additional deadlines for completion of expert depositions and other discovery be set.

/ / /

/ / /

Respectfully submitted this 14th day of September, 2026.

HUTCHISON & STEFFEN, PLLC

*/s/ Russell J. Carr*

RUSSELL J. CARR, ESQ.
Nevada Bar No. 15191
100 W. Liberty Street, Suite 765
Reno, Nevada 89503
Telephone: 775.853.8746
Email: rcarr@hutchlegal.com

*Attorney for Defendant Kelly Mills Evers*

BROWNSTEIN HYATT FARBER SCHRECK, LLP

*/s/ Sean S. Cuff*

TRAVIS F. CHANCE, ESQ.
Nevada Bar No. 13800
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Email: tchance@bhfs.com

SEAN S. CUFF, ESQ.
(Admitted *pro hac vice*)
675 15th Street, Suite 2900
Denver, Colorado 80202
Telephone: 303.223.1100
Email: scuff@bhfs.com

*Attorneys for Plaintiff Daniel Petersen*

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

DATED: September 16, 2026