Russell J. Carr, Esq. (15191)
**Hutchison & Steffen, PLLC**
100 W. Liberty Street, Suite 765
Reno, Nevada 89501
Telephone: (775) 853-8746
rcarr@hutchlegal.com
*Attorney for Kelly Mills Evers*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL PETERSEN,<br>*Plaintiff,*<br>vs.<br>KELLY MILLS EVERS,<br>*Defendant.* | Case No.: 3:26-cv-00094-ART-CSD<br><br>**MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| KELLY MILLS EVERS,<br>*Counterclaimant,*<br>vs.<br>DANIEL PETERSEN,<br>*Counterdefendant.* | |

Defendant and Counterclaimant Kelly Mills Evers ("Ms. Evers") respectfully files this Motion to Strike Plaintiff's First Amended Complaint (the "Motion") pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(f)(2). Plaintiff Daniel Petersen ("Mr. Petersen") filed his First Amended Complaint without leave of Court or without consent of counsel as required by Rule 15(a)(2). Ms. Evers deserves an opportunity to show that the First Amended Complaint alleges futile claims, and that leave should be denied. As such, Ms. Evers respectfully asks this Court to strike the First Amended Complaint pursuant to Rule 15(a)(2). This Motion is supported by the attached memorandum of points and authorities, the attached exhibits, and any oral argument that this Court may order. For the reasons stated herein, Ms. Evers respectfully asks this Court to ***grant*** the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction:

Mr. Petersen must comply with the rules; his failure to heed the rules necessitated this Motion to Strike because Mr. Petersen lacked leave to amend his complaint. Nonetheless, he still filed a First Amended Complaint despite lacking a legal basis to do so. *See* ECF 44.

Here, Ms. Evers filed a Special Motion to Dismiss Pursuant to NRS 41.660 and Fed. R. Civ. P. 12 (the "Motion to Dismiss") on March 5, 2026. *See* ECF No. 15. Mr. Petersen filed his Opposition on March 23, 2026. *See* ECF No. 23. Ms. Evers filed her Reply on April 9, 2026. *See* ECF No. 27. As such, Mr. Petersen's right to amend as a matter of course—pursuant to Rule 15(a)(1)—expired on March 26, 2026. Indeed, "'**the right to amend the complaint once as a matter of course terminates 21 days after the first responsive pleading or motion under Rule 12(b), (e), or (f) is served, and it does not revive thereafter**.'" *Moten v. Goodwrx, LLC*, 2:25-cv-00096-APG-BNW, 2025 WL 1249163, at *3 (D. Nev. Apr 30, 2025) (emphasis added) (alterations omitted) (quoting *Savignac v. Jones Day*, 341 F.R.D. 120, 123 (D.D.C. 2022)). He was not free to amend without leave or consent. He did not file a motion for leave. Ms. Evers did not consent.

As such, this Court must strike the First Amended Complaint. An amended complaint filed without leave to amend is a legal nullity and must be stricken. *See Moulton v. City of Sparks*, No. 3:09CV00016-BES-VPC, 2009 WL 2407351, at *1 (D. Nev. July 28, 2009); *Warren v. Las Vegas Metro. Police Dep't*, No. 223CV00065GMNDJA, 2023 WL 6785815, at *3 (D. Nev. Oct. 12, 2023). Ms. Evers respectfully asks this Court to follow these cases and strike the First Amended Complaint.

### II. Relevant facts and procedural history:

Mr. Petersen went on a calculated campaign of retaliation[1] against Ms. Evers after she successfully led a 2023 petition to remove Mr. Petersen's spouse, Sharon Petersen ("Mrs. Petersen"), from the Board at the Couer Du Lac Homeowners Association ("CDL") in Incline

---

[1] Stating that Mr. Petersen engaged in a campaign of retaliation against Ms. Evers is not hyperbolic. He sent an email to another CDL Homeowner on December 16, 2024, stating, "[j]ust keep hitting her from every angle to get Owners to ban together and oust her." In this email, Mr. Petersen alleged an "electrical scam," without providing any facts to show a scam. This email shows intent to retaliate against Ms. Evers. This intent is also shown by the fact that Mr. Petersen wrote letters and/or emails for months to criticize, challenge, and defame Ms. Evers.

Village, Nevada. After Ms. Evers successfully led the petition to remove Mrs. Petersen from the CDL Board, Ms. Evers was appointed as President of the CDL Board. Thereafter, Mr. Petersen went on a campaign communicating false statements of fact about Ms. Evers to CDL Homeowners and other third parties between 2023 and 2025. Indeed, Mr. Petersen communicated to third parties that Ms. Evers committed “election fraud,” placed gag orders over CDL Board matters, concealed material information from HOA Homeowners, improperly submitted insurance claims on CDL’s policy, submitted insurance claims without due diligence, covered up insurance claims, violated her fiduciary duties causing insurance premiums to increase for all CDL Homeowners, failing to notify HOA Homeowners of a damage incident, and of blocking the CDL from insurance markets.

To bolster his false accusations and win over CDL Homeowners, Mr. Petersen—who was not on the CDL Board nor authorized by the CDL Board to act on its behalf —worked to obtain multiple insurance quotes and coverage from Menath Insurance (“Menath”) for CDL. Mr. Petersen’s actions were in direct violation of CDL’s Bylaws, CC&Rs and NRS 116.3103(1). Under CDL’s governing documents, only the CDL Board has the authority to conduct the business affairs of CDL, and its duties and powers include maintaining insurance on behalf of the association. Mr. Petersen, when he became a CDL homeowner and by acceptance of his deed, agreed to comply with and be bound by CDL’s governing documents, rules that he violated time and time again.

Mr. Petersen, while acting without authorization in CDL’s insurance affairs, sought to obtain insurance quotes and coverage to demonstrate to CDL homeowners that Ms. Evers was responsible for the substantial increase in the Association’s insurance premiums and the resulting financial burden on its members. During those efforts, Mr. Petersen intentionally failed to disclose to Menath that CDL’s electrical subpanels contained aluminum wiring, a material fire risk relevant to the underwriting of the Association’s insurance coverage. He also represented to Menath that he had authority to act on behalf of the CDL Board when he did not. Mr. Petersen communicated to homeowners that the Menath policies had lower premiums because Ms. Evers improperly handled an insurance claim, which is false. He then organized a recall petition against Ms. Evers, attaching a letter to CDL Homeowners on February 25, 2026, stating that, “[y]ou may recall the Menath quote I sent you a while back was a lower premium and only a $5k deductible for all losses and not per

building, but they would not proceed due to the aluminum wiring." What Mr. Petersen omitted from this letter is that he learned about the aluminum wiring on October 17, 2024, and intentionally did not tell Menath about the aluminum wiring so that his quote would have a substantially lower premium than the quote obtained by Ms. Evers and the CDL Board that did, in fact, disclose the aluminum wiring. Nonetheless, Mr. Petersen moved forward with the recall petition.

Ms. Evers had a statutory right to respond to Mr. Petersen's efforts to recall her, *see* NRS 116.31036(2)(a)(3), and she did so on April 18, 2025. In her statutory right to respond, Ms. Evers, a layperson and realtor by profession, noted that Mr. Petersen's failure to disclose aluminum wiring to Menath, coupled with his misrepresentation that he was not acting on behalf of the CDL Board, in her "opinion" would constitute insurance fraud pursuant to NRS 686A.2815 if the CDL Board had relied on his quote from Menath. Ms. Evers cited NRS 686A.2815, which forbids omitting or misrepresenting material facts from insurance applications, because an insurer can deny coverage if an omission is material to the hazard assumed by the insurer under NRS 687B.110. Ms. Evers then noted that, had CDL relied on the quote Mr. Petersen obtained without disclosure of the aluminum wiring, it would have been devastating for the CDL community if coverage were denied in the event of a fire—aluminum wiring is a fire risk and nondisclosure of the aluminum wiring obviously could have invoked NRS 687B.110. Ms. Evers rendered a truthful, honest, and forthright analysis of the pertinent statutes and law.

After Ms. Evers responded to Mr. Petersen's recall petition ***truthfully***, Mr. Petersen decided that his prior false statements and his own course of conduct did not matter—instead, he decided to instigate litigation, misusing this Court's resources, and alleged that he was harmed by more than a million dollars. This is even though the law strongly cuts against Mr. Petersen. *See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731-32 (9th Cir. 1999) ("[S]tatements by laypersons that purport to interpret the meaning of a statute or regulation are opinion statements, and not statements of fact."); *Friedman v. Boston Broadcasters, Inc.*, 522 N.E.2d 959 (Mass. 1988) (explaining that accusations of "insurance fraud" are not actionable as defamation if the underlying facts are disclosed and true).

On September 9, 2026—shortly after taking Mr. Petersen's deposition on August 20, 2026—

Ms. Evers filed an Answer and Counterclaim[2] to preserve her right to seek relief against Mr. Petersen because of his own course of conduct and because Mr. Petersen's deposition proved he defamed Ms. Evers. Mr. Petersen apparently believes that he is immune from his own misconduct, and that *only* Ms. Evers can be subjected to litigation. Mr. Petersen became incensed that Ms. Evers exercised her rights. He decided to file a First Amended Complaint, making new contentions that misrepresent or misconstrue the evidence because a broad array of facts in the original Complaint have been proven false by Ms. Evers through discovery. Moreover, he did so without seeking leave of court or consent from Ms. Evers. This was not allowed under Rule 15(a)(2) or Local Rule 15-1. Because Mr. Petersen was not allowed to file a First Amended Complaint without leave or consent, it should be stricken. Ms. Evers deserves an opportunity to show why the amendment is futile.

Ms. Evers filed a Special Motion to Dismiss Pursuant to NRS 41.660 and/or Fed. R. Civ. P. 12 (the "Motion to Dismiss") on March 5, 2026. *See* ECF No. 15. Mr. Petersen filed his Opposition on March 23, 2026. *See* ECF No. 23. Ms. Evers filed her Reply on April 9, 2026. *See* ECF No. 27. No ruling has been made by the Court on Ms. Evers' Motion to Dismiss. On September 9, 2026, Ms. Evers filed an Answer and Counterclaim because: (1) Mr. Petersen's deposition on August 20, 2026, showed that relief was warranted; and (2) the statute of limitations for her to seek relief would run on September 11, 2026. Thus, Ms. Evers filed her Answer and Counterclaim to preserve her litigation rights to challenge Mr. Petersen's course of conduct. On September 30, 2026—without leave of Court or consent of the opposing party—Mr. Petersen filed a First Amended Complaint. This was improper. This Motion follows.

## III. <u>Argument:</u>

### A. <u>Amended complaints filed without leave to amend are stricken under Rule 12(f):</u>

Rule 12(f)(2) provides that this Court may strike a pleading on motion made by either party.

---

[2] Ms. Evers had legal support to file a counterclaim. Ms. Evers filed a Special Motion to Dismiss Pursuant to NRS 41.660 and/or Fed. R. Civ. P. 12 (the "Motion to Dismiss") on March 5, 2026. *See* ECF No. 15. Mr. Petersen filed his Opposition on March 23, 2026. *See* ECF No. 23. Ms. Evers filed her Reply on April 9, 2026. *See* ECF No. 27. Caselaw shows that Ms. Evers was entitled to file an answer and counterclaim even though she filed a motion to dismiss. *See, e.g.*, *Brunig v. Clark*, 560 F.3d 292, 294 (5th Cir. 2009) ("Appellees filed their motion to dismiss before their answer[,] and they were not obligated to wait to answer until the court had ruled on the motion.").

Pursuant to Rule 12(f)(2), Courts in the Ninth Circuit strike amended complaints that are filed without leave or consent of the opposing party under Rule 15. Indeed, "[w]hen a party files an amended complaint without the right to do so, it is properly stricken by the Court." *Wilkins v. Macober*, No. 2:16-cv-0475, 2022 WL 18027822, at *2 (E.D. Cal. Dec. 30, 2022); *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) ("If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect"). This Court also strikes pleadings filed without leave to amend. *See Moulton v. City of Sparks*, No. 3:09CV00016-BES-VPC, 2009 WL 2407351, at *1 (D. Nev. July 28, 2009); *Warren v. Las Vegas Metro. Police Dep't*, No. 223CV00065GMNDJA, 2023 WL 6785815, at *3 (D. Nev. Oct. 12, 2023).

Mr. Petersen filed his First Amended Complaint on September 30, 2026, without leave to amend and without consent from Ms. Evers. As explained below, Mr. Petersen could not amend as a matter of right. Because the First Amended Complaint was not properly filed, this Court should strike Mr. Petersen's First Amended Complaint.

B. <u>Mr. Petersen did not have leave or consent to file the First Amended Complaint:</u>

Mr. Petersen could not file a First Amended Complaint under Rule 15 because he did not obtain leave from the Court and he did not ask for Ms. Evers' consent. Ms. Evers filed her responsive pleading on March 5, 2026. Thus, Mr. Petersen had to amend, as a matter course, by March 26, 2026. The 21-day period did not "restart" for Mr. Petersen when Ms. Evers filed her Answer and Counterclaim on September 30, 2026. Pursuant to Rule 15(a)(2), Mr. Petersen was required to obtain leave or consent to file his First Amended Complaint. He did not.

Rule 15(a)(1)-(2) govern this analysis and provides as follows:

> (a) Amendments Before Trial.
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), **whichever is earlier.**

> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Local Rule 15-1 provides that:

> Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading.

The 2009 Advisory Committee's Note to Rule 15 states: "The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. **If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period**." (Emphasis added.) Under the plain text of the rule, Ms. Evers had already served a Rule 12(b)(6) motion on March 5, 2026. As such, Mr. Petersen's opportunity to amend as a matter of course expired on March 26, 2026. The plain text of the rule also contemplates that Ms. Evers was permitted to file a responsive pleading *after* she had already served her Rule 12(b)(6) motion. She did so to preserve a statute of limitations.[3]

The district of Nevada has already applied Rule 15's Advisory Committee Note by citing to caselaw. "[T]he United States District Court in the District of Columbia, has held that "'**the right to amend the complaint once as a matter of course terminates 21 days after the first responsive pleading or motion under Rule 12(b), (e), or (f) is served, and it does not revive thereafter**.'" *Moten v. Goodwrx, LLC*, 2:25-cv-00096-APG-BNW, 2025 WL 1249163, at *3 (D. Nev. Apr 30, 2025) (emphasis added) (alterations omitted) (quoting *Savignac v. Jones Day*, 341 F.R.D. 120, 123 (D.D.C.2022)). Wright & Miller's Federal Practice and Procedure confirms this reading: the different 21-day periods for amendments as of right are not cumulative, and "[w]hen the time period expires or the party has already amended the pleading, [Rule 15(a)(1)] no longer applies and an

[3] Ms. Evers had an unequivocal right to file an Answer and Counterclaim, irrespective of her pending motion to dismiss, and irrespective of Mr. Petersen's position.

amendment falls under Rule 15(a)(2), which requires leave of court or the written consent of the opposing party." 6 Fed. Prac. & Proc. Civ. §§ 1480 (3d ed. Apr. 2026 Update).

In the case *Teknor Apex Co. v. Hardford Accident & Indemnity Company*, the Court held that, pursuant to Rule 15, the twenty-one-day period to amend as a matter of course under Rule 15(a)(1) did not reset by the filing of a responsive pleading. No. CA 12-417S, 2012 WL 6840498, at *9 (D.R.I. Dec. 14, 2012), *report and recommendation adopted*, No. CA 12-417 S, 2013 WL 140416 (D.R.I. Jan. 11, 2013). In *Teknor*, the Court specifically cited to the Advisory Committee Notes to Rule 15 and stated, "there would be no new twenty-one day period to amend as of right if, for example, a responsive pleading is served after one of the designated motions is served." *Id.*

Here, Ms. Evers filed the Motion to Dismiss Pursuant to NRS 41.660 and Fed. R. Civ. P. 12 on March 5, 2026. *See* ECF No. 15. Mr. Petersen filed his Opposition on March 23, 2026. *See* ECF No. 23. Ms. Evers filed her Reply on April 9, 2026. *See* ECF No. 27. As such, Mr. Petersen's right to amend as a matter of course—pursuant to Rule 15(a)(1)—expired on March 26, 2026. He was not free to amend without leave or consent. He did not file a motion for leave. Ms. Evers did not consent. As such, Mr. Petersen did not have leave to file the First Amended Complaint, and it is a legal nullity.

C. <u>Mr. Petersen's First Amended Complaint is a legal nullity:</u>

As explained, Mr. Petersen did not have leave to file his First Amended Complaint. As such, the pleading is a "legal nullity." *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011). As such, Mr. Petersen has not provided a responsive pleading to Ms. Evers' answer and counterclaim within 21 days as required. As such, Mr. Petersen is default without a response.

D. <u>Mr. Petersen must show that leave to amend is warranted:</u>

Mr. Petersen had the obligation to file a motion for leave to amend under Rule 15(a)(2) if he wanted to file a First Amended Complaint. Ms. Evers will not consent to the amendment because it is futile—and she was not asked for consent. Mr. Petersen's complaint cannot be saved by amendment because, as a matter of law, Ms. Evers did not defame him.

There are five factors courts consider under Rule 15 to assess the propriety of leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the

plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "Under futility analysis, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (internal quotation marks omitted).

Here, any amendment by Mr. Petersen would be futile. As a matter of law, Ms. Evers did not defame Mr. Petersen. Mr. Petersen alleges that Ms. Evers defamed him by stating that Mr. Petersen's failure to disclose aluminum wiring to Menath to obtain insurance quotes and coverage, coupled with not disclosing that he was not acting on behalf of the CDL Board, would in her "opinion" "***constitute***" insurance fraud pursuant to NRS 686A.2815 if the CDL Board "had relied on his false quote" from Menath.[4] ECF 44**,** at 13 ¶ 72. Ms. Evers cited NRS 686A.2815, which forbids the omission or misrepresentation of material facts in insurance applications, *see id.*, because an insurer can deny coverage if an omission is material to the hazard assumed by the insurer under NRS 687B.110. Ms. Evers then noted that, had CDL relied on the quote Mr. Petersen obtained without disclosure of the aluminum wiring, it would have been devastating for the CDL community if coverage were denied in the event of a fire. ECF 44**,** at 13 ¶ 72. Aluminum wiring is a fire risk and nondisclosure of the aluminum wiring obviously could have invoked NRS 687B.110.

As a matter of law, Ms. Evers' statements were non-actionable opinions. As the Ninth Circuit has stated, "'[a]bsent a clear and unambiguous ruling from a court or agency of competent jurisdiction, statements by laypersons that purport to interpret the meaning of a statute . . . are opinion statements, and not statements of fact.'" *Rodriguez v. Panayiotou*, 314 F.3d 979, 986 (9th Cir. 2002) (quoting *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731-32 (9th Cir. 1999)); *accord Friedman v. Boston Broadcasters, Inc.*, 522 N.E.2d 959 (Mass. 1988) (explaining that accusations of "insurance fraud" are not actionable as defamation if the underlying facts are disclosed and true). "So long as it is based on true and public information, an evaluative

---

[4] Ms. Evers specific language was that "Petersen's intentional omission of the material facts to the Menath agent (a) that we had aluminum wiring in the subpanels that he didn't disclose and/or (b) that he was not acting on behalf of the board, in my opinion, constitutes insurance fraud." **ECF 44,** at 13 ¶ 72. She further stated, "had the board relied on Petersen's false quote and later suffered a loss, say a fire, the impact to our community would have been disastrous. Every insurance claim made under the HOA master policy would have been denied." *Id.*

opinion conveys the publisher's judgment as to the quality of another's behavior and, as such, it is not a statement of fact." *Lubin v. Kunin*, 117 Nev. 107, 112, 17 P.3d 422, 426 (2001) (internal quotation marks omitted).

Crucially, Mr. Petersen—in his deposition—admitted that the facts underlying Ms. Evers' statements on April 18, 2025, were **true.** First, Mr. Petersen testified that he never told the Menath Insurance agents, Ron Wright and Lori Nelson, about the aluminum wiring at CDL. *Petersen Deposition Transcript*, at p. 80 ¶ 3-8, p. 83 ¶ 18-24 p. 237 ¶ 5-8, p. 272, at ¶ 3-7 (Aug. 20, 2026) (**Exhibit 1)**. Yet, Mr. Petersen learned about the aluminum wiring *ten days* before he obtained the quotes. *Id.* at p. 109 ¶ 10-13, 19-23. Thus, Mr. Petersen had ten days to inform Menath insurance about the wiring and chose not to do so. Second, Mr. Petersen testified that he never told the Menath Insurance agents, Mr. Wright and Ms. Nelson, that he was not a board member and that the board did not give him authority to obtain insurance quotes. *Id.* at p. 66 ¶ 13-17, p. 80 ¶ 17-25, p. 81 ¶ 1-3, p. 237 ¶ 19-21, p. 238. Thus, based on Mr. Petersen's deposition testimony, he did not disclose to Menath that there was aluminum wiring in the subpanels, and he did not disclose that he was not acting on behalf of the CDL Board. This is precisely what Ms. Evers alleged in her statement—that Mr. Petersen did not disclose the aluminum wiring and that he did not have authority to act on behalf of the Board.

The truth of Ms. Evers' statements is further supported by the testimony of Ron Wright. As the Menath agent that worked with Mr. Petersen, he testified that he filled out applications to receive the quote "[w]ith the assistance of the—Dan in this case." *Deposition of Ron Wright*, at p. 70 ¶ 12-23 (Sept. 24, 2026) (**Exhibit 2)**. Mr. Wright testified that the aluminum wiring "had a material impact on the quote." *Id.* at p. 130 ¶ 4-9. Mr. Wright testified that the property insurance quote from Westchester, through Menath, was revoked because of the aluminum wiring." *Id.* at p. 142 ¶ 4-7. Mr. Wright has no memory of Mr. Petersen telling him about the aluminum wiring. *Id.* at p. 167 ¶ 17-19. Mr. Wright confirmed that Mr. Petersen was an active participant in the quote process for Menath. *Id.* at p. 58 ¶ 1-4.

In sum, the law provides that an evaluative opinion—including one that interprets a statute or a person's conduct—is not defamatory if it is based on true facts. Here, based on Mr. Petersen's

own deposition testimony, Ms. Evers' statements on April 18, 2025, were based on true facts. Consistent with her First Amendment Right under the United States Constitution, Ms. Evers applied those facts to Nevada statute and concluded that the facts, under the statute, would constitute insurance fraud in her "opinion." This was not defamatory.

Because Ms. Evers' statements were not defamatory, and were protected by the Free Speech Clause, any amendment by Mr. Petersen is futile. As such, Ms. Evers deserves an opportunity to challenge the First Amended Complaint in opposition to a Motion for Leave to Amend after Mr. Petersen specifically shows that leave to amend is warranted.

## IV. Conclusion:

Mr. Petersen must comply with the rules. He cannot file a First Amended Complaint without leave of Court or without consent from Ms. Evers. The failure of Mr. Petersen to seek leave to amend deprives Ms. Evers of the opportunity to challenge the propriety of the proposed amendment on the ground that it is futile. In sum, this Court should strike the First Amended Complaint because Mr. Petersen did not have leave or consent.

## AFFIRMATION

The undersigned hereby affirms that the foregoing pleading does not contain the Social Security number or personal information of any person.

Dated: October 9, 2026.

HUTCHISON & STEFFEN, PLLC
*/s/ Russell J. Carr*
Russell J. Carr, Esq. (15191)
100 W. Liberty Street, Suite 765
Reno, Nevada 89501
rcarr@hutchlegal.com
*Attorney for Kelly Mills Evers*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of Hutchison & Steffen, PLLC, and that on this date I caused to be served a true copy of the attached **MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT** on all parties to this action by the method(s) indicated below:

☒ by courtesy email addressed to:
Travis F. Chance, Esq.
Sean S. Cuff, Esq.
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
tchance@bhfs.com
scuff@bhfs.com

☐ by placing an original or true copy thereof in a sealed envelope, with sufficient postage affixed thereto, in the United States mail at Reno, Nevada, addressed to:

☒ by using the Court's electronic notification system by submitting the foregoing to the United States District Court for the District of Nevada's ECF-filing System for Electronic Service upon the Court's Service List pursuant to Rule 26(a)(1). The copy of the document electronically served bears a notation of the date and time of service.

Dated: October 9, 2026.

*/s/ Hailey Teeter*
Employee of Hutchison & Steffen, PLLC

**EXHIBIT LIST**

| Exhibit # | Description | Pages* |
|---|---|---|
| Exhibit "1" | Relevant Portions of Deposition Transcript of Daniel Petersen Dated August 20, 2026** | 13 |
| Exhibit "2" | Relevant Portions of Deposition Transcript of Ron Wright Dated August 20, 2026** | 10 |

**Includes exhibit cover page.*
***Only portions of the transcript cited in this pleading are included to comply with LR IA 10-3.*