TRAVIS F. CHANCE, ESQ., Nevada Bar No. 13800
tchance@bhfs.com
ASHLEY N. SCHOBERT, ESQ., Nevada Bar No. 16317
aschobert@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135

SEAN S. CUFF, ESQ. (*pro hac vice*)
scuff@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
675 15th Street, Suite 2900
Denver, CO 80202
Telephone: 303.223.1100

*Attorneys for Plaintiff/Counterdefendant*
*Daniel Petersen*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL PETERSEN,<br>Plaintiff,<br>v.<br>KELLY MILLS EVERS,<br>Defendant. | CASE NO.: 3:26-cv-00094-ART-CSD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**AND**<br><br>**COUNTERMOTION FOR LEAVE TO AMEND** |
| KELLY MILLS EVERS,<br>Counterclaimant,<br>v.<br>DANIEL PETERSEN,<br>Counterdefendant. | |

Plaintiff Daniel Petersen ("**Mr. Petersen**"), by and through his undersigned counsel, the law firm of Brownstein Hyatt Farber Schreck, LLP, files his Opposition ("**Opposition**") to

Defendant Kelly Mills Evers' ("**Defendant**") Motion to Strike Plaintiff's First Amended Complaint ("**Motion**") and Countermotion for Leave to Amend ("**Countermotion**"). ECF No. 45.

The Opposition and Countermotion are based on the attached Memorandum of Points and Authorities, the pleadings and other papers on file, and any oral argument this Court may hear.

DATED: November 6, 2026.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

BY: *_/s/ Travis F. Chance_*
TRAVIS F. CHANCE, ESQ.
tchance@bhfs.com
SEAN S. CUFF, ESQ. (*pro hac vice*)
scuff@bhfs.com
ASHLEY N. SCHOBERT, ESQ.
aschobert@bhfs.com

*Attorneys for Plaintiff/Counterdefendant Daniel Petersen*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendant asks the Court to strike Mr. Petersen's First Amended Complaint on a single premise: that her earlier anti-SLAPP motion wasn't really an anti-SLAPP motion. Instead, it was a run-of-the-mill Rule 12(b) motion that cut off Mr. Petersen's right to amend six months before Defendant ever answered. That premise is wrong and, fundamentally, an unfair one. It would allow Defendant to claim, on one hand, her initial motion was one under Rule 12 to cut off Mr. Petersen's ability to amend as a matter of right while, on the other, allowing her to mount a factual challenge to his claims under Nevada's anti-SLAPP statute.

The Federal Rules give a plaintiff the right to amend once, without leave, within 21 days after the defendant serves an answer or certain Rule 12 motions. Defendant did not file a Rule 12 motion. She filed a special motion to dismiss under Nevada's anti-SLAPP statute—one built on her own sworn declaration, eleven additional exhibits, and an audio recording of a lengthy board meeting, all offered to test the ***factual*** sufficiency of Mr. Petersen's claims. If that sounds like a motion for summary judgment, that's because it is.

Under settled Ninth Circuit law, an anti-SLAPP motion that challenges the facts, rather than the legal sufficiency of the complaint, is a motion for summary judgment under Rule 56. Unlike a Rule 12 motion, a summary judgment motion does not start the 21-day clock. So when Defendant finally answered in September 2026, Mr. Petersen's window to amend was still live, and he filed his First Amended Complaint on the twenty-first day. That filing was proper, and the Motion fails on that ground alone.

Defendant cannot have it both ways. She put her own declaration and exhibits before the Court and asked the Court to consider them in deciding her anti-SLAPP motion. Yet this Motion can succeed only if that evidence was never properly before the Court in the first place—an implicit admission that Defendant now disavows the very evidentiary showing on which her anti-SLAPP arguments depend. And if her motion was nothing more than a Rule 12 motion, as she now insists,

then that evidence cannot be considered, and she cannot obtain the attorney's fees and other special relief the anti-SLAPP statute provides.

And even if leave were required, the Court should grant it. Mr. Petersen amended promptly after discovery—much of it produced only in September 2026—revealed new facts, including a written accusation of felony fraud that Defendant sent to Mr. Petersen's homeowners association's former insurer. Defendant suffers no prejudice from claims about her own statements while discovery remains open. And her futility argument fails: it rests on disputed deposition excerpts that cannot be weighed at the pleading stage, it ignores the new libel claim entirely, and it does nothing to undermine the plausible allegations that Defendant's so-called "opinion" rested on selective disclosure of false statements of fact. As a result, the Motion should be denied.

## II. RELEVANT PROCEDURAL BACKGROUND

### A. Defendant Files an Evidence-Laden Anti-SLAPP Motion.

Mr. Petersen filed his original Complaint on February 4, 2026, asserting a single claim for slander per se based on statements Defendant made at an April 18, 2025 board meeting of the Coeur du Lac Condominium Homeowners Association ("**CDL**"). *See* ECF No. 1; ECF No. 15 at 1. On March 5, 2026, Defendant filed her "Special Motion to Dismiss Pursuant to NRS 41.660(2) (Anti-SLAPP) or, in the Alternative, to Dismiss Pursuant to FRCP 12(b)(6)" ("**Anti-SLAPP Motion**"). ECF No. 15. The Anti-SLAPP Motion asked that the action be dismissed "pursuant to Nevada's anti-SLAPP statute, NRS 41.660(2), or, in the alternative, pursuant to FRCP 12(b)(6)," and sought an award of attorney's fees under the anti-SLAPP statute. *Id.* at 1, 15, 18.

Unlike a Rule 12(b)(6) motion, the Anti-SLAPP Motion was not confined to the allegations in the Complaint. Defendant supported it with an eight-page declaration and eleven other exhibits, including a cease-and-desist letter, board meeting minutes, emails, CDL's bylaws, a notice to homeowners, a letter to homeowners, an insurer email, a meeting agenda, an attorney declaration, and an audio recording of the April 18, 2025 board meeting. ECF No. 15 at 19; ECF Nos. 15-1–15-12. Defendant told the Court that "[t]here are several additional facts that are necessary for this Court to consider," and then recited more than two pages of them drawn from her declaration and

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

exhibits rather than the Complaint. ECF No. 15 at 4–6. She disclosed that she "disputes the specifics of several" of the Complaint's allegations "and intends to substantiate those disputes should this litigation continue." *Id.* at 3 n.9. She also urged the Court to listen to the relevant portion of the meeting recording "in its entirety" and to consider her "tone." *Id.* at 6 n.27, 16 n.83. And, most importantly, she relied on that evidence to prove the merits—namely, that the facts underlying her accusation were "truthful." *Id.* at 2 & nn.4–7, 16–17 & nn.87–91.

Mr. Petersen opposed, explaining that Defendant's reliance on evidence outside the Complaint made her motion a factual challenge governed by Rule 56 and entitled him to discovery before any ruling. ECF No. 23 at 4, 10–11, 21. He also filed twenty-one separate evidentiary objections to Defendant's declaration and exhibits. ECF No. 24. The Anti-SLAPP Motion remains pending.

**B. Discovery Reveals the Facts Underlying the First Amended Complaint.**

After briefing the Anti-SLAPP Motion, the parties proceeded to discovery. Defendant deposed Mr. Petersen on August 20, 2026. ECF No. 43 at 3. CDL did not produce the documents responsive to Mr. Petersen's subpoena—more than 1,500 of them—until September 3, 2026. *Id.* at 2, 4. The depositions of Menath Insurance ("**Menath**") agents Ron Wright and Lori Nelson, initially noticed for early September, had to be vacated and rescheduled, *id.* at 3, and Mr. Wright was not deposed until September 24, 2026, ECF No. 45-2 at 2. Fact discovery remains open through November 30, 2026, and dispositive motions are not due until December 30, 2026. ECF No. 43 at 5.

That discovery supplied the core new allegations of the First Amended Complaint ("**FAC**"), uncovering for the first time that Defendant accused Mr. Petersen of criminal fraud. First, CDL's production revealed that on October 21, 2024, Defendant emailed two American Family Insurance ("**AFI**") representatives accusing Mr. Petersen of misrepresenting himself as a CDL board member, attached a letter Mr. Petersen had written to homeowners, cited NRS 205.377, and asked AFI to refer Mr. Petersen to its compliance and legal departments and consider "reporting the issue to authorities"—even though AFI's own records identified Mr. Petersen as a "Homeowner" and Mr.



53527089

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

Petersen had told Defendant in writing seventeen days earlier that he had never held himself out as a board member. ECF No. 44 ¶¶ 23, 44, 56–67. Second, Mr. Wright and Ms. Nelson testified about their dealings with Mr. Petersen: among other things, Mr. Wright did not recall whether Mr. Petersen identified himself as a CDL board member, did not recall asking Mr. Petersen about CDL's wiring, relied instead on Menath's historical inspection data indicating the wiring was copper, considered Mr. Petersen forthcoming and truthful, distinguished a quote from an insurance application, confirmed that Mr. Petersen never filled out an application, and disagreed that the Menath quote was "false." *Id.* ¶¶ 32–38, 47, 84–87.

### C. Defendant Answers and Mr. Petersen Amends Twenty-One Days Later.

On September 9, 2026, Defendant filed her Answer and Counterclaim. ECF No. 41; ECF No. 45 at 5. Twenty-one days later, on September 30, 2026, Mr. Petersen filed the FAC. ECF No. 44. The FAC asserts a new claim for libel per se based on Defendant's October 21, 2024 email to AFI ("**Defamatory Statement 1**") and reasserts the same claim for slander per se based on her April 18, 2025 statements ("**Defamatory Statement 2**"). *Id.* ¶¶ 92–109. Defendant then filed this Motion. ECF No. 45.

## III. LEGAL STANDARD

"A party may amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FRCP 15(a)(1). In all other cases, a party may amend with the opposing party's written consent or the court's leave, and "[t]he court should freely give leave when justice so requires." FRCP 15(a)(2). Defendant brings her Motion under Rule 12(f)(2), which permits the Court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. FRCP 12(f); *see* ECF No. 45 at 1.

## IV. LEGAL ARGUMENT

### A. Mr. Petersen Properly Amended as a Matter of Course Because Defendant's Anti-SLAPP Motion Was Not a Rule 12 Motion.

The Motion rests entirely on the premise that the Anti-SLAPP Motion was a "Rule 12(b)(6) motion" that started Rule 15(a)(1)(B)'s 21-day period on March 5, 2026. ECF No. 45 at 2, 6–8. It

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

was not. The Anti-SLAPP Motion was a fact-based challenge to the merits. There is no such thing as an anti-SLAPP motion under the Federal Rules. So, current Ninth Circuit law says that when filed, and where challenging the factual sufficiency of claims, such a motion is one under Rule 56. Because a Rule 56 motion does not trigger Rule 15(a)(1)(B), Mr. Petersen's right to amend as a matter of course remained intact until Defendant served her Answer—and he exercised it on time.

**1. Only a Responsive Pleading or a Motion Under Rule 12(b), (e), or (f) Triggers the 21-Day Period.**

Rule 15(a)(1)(B) identifies only two events that start the 21-day clock for amending a complaint: service of "a responsive pleading" and service of "a motion under ***Rule 12(b)***, (e), or (f)." FRCP 15(a)(1)(B) (emphasis added). A motion for summary judgment under Rule 56 is not on that list. Neither is a special motion to dismiss under NRS 41.660. Defendant's own authorities say as much: the right to amend once as a matter of course terminates 21 days after "the first responsive pleading or motion under Rule 12(b), (e), or (f) is served." ECF No. 45 at 2, 7 (quoting *Moten v. Goodwrx, LLC*, No. 2:25-cv-00096-APG-BNW, 2025 WL 1249163, at *3 (D. Nev. Apr. 30, 2025)). The Advisory Committee Note on which Defendant relies likewise speaks only of "designated motions"—i.e., Rule 12 motions. *Id.* at 7 (quoting FRCP 15 advisory committee's note to 2009 amendment). That limitation makes sense. The 2009 amendment was designed to press a pleader to consider promptly whether to amend in response to a pleading-stage challenge to the complaint—not to a fact-based attack on the merits that no amendment could cure. *See* FRCP 15 advisory committee's note to 2009 amendment. Defendant does not cite a single case holding that an anti-SLAPP motion—let alone one supported by a declaration and a stack of exhibits—triggers Rule 15(a)(1)(B).

**2. In This Court, an Anti-SLAPP Motion That Mounts a Factual Challenge Is a Rule 56 Motion.**

To avoid a collision between state anti-SLAPP procedure and the Federal Rules, the Ninth Circuit treats anti-SLAPP motions differently, "under different standards depending on the motion's basis." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828,

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

833 (9th Cir.), *amended by* 897 F.3d 1224 (9th Cir. 2018).[1] The court explained: "If a defendant makes an anti-SLAPP motion to strike founded on purely legal arguments, then the analysis is made under [FRCP] 8 and 12 standards; ***if it is a factual challenge***, then the motion must be treated as though it were ***a motion for summary judgment*** and discovery must be permitted." *Id.* (citation omitted and emphasis added). It then held that "when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, ***then the Federal Rule of Civil Procedure 56 standard will apply***." *Id.* at 834 (emphasis added). Any other approach, the court reasoned, "would improperly transform the motion to strike under the anti-SLAPP law into a motion for summary judgment without providing any of the procedural safeguards that have been firmly established by the Federal Rules of Civil Procedure." *Id.* at 833–34.

The Ninth Circuit has since reaffirmed and extended that rule. In *Gunn v. Drage*, which arose in this District, the court held that "where a defendant asserts 'a factual challenge,' courts must treat the motion to strike as 'a motion for summary judgment,' triggering discovery," and that this rule applies "regardless of whether a plaintiff challenges the first or second step of the anti-SLAPP analysis." 65 F.4th 1109, 1120 (9th Cir. 2023) (quoting *Planned Parenthood*, 890 F.3d at 833). The court further explained that "a district court cannot consider a defendant's evidence of factual sufficiency at the first step of an anti-SLAPP motion without essentially converting the motion into one for summary judgment." *Id.* And it affirmed that an anti-SLAPP motion is a Rule 56 motion where the defendant "submitted a significant amount of extrinsic evidence, including declarations, emails, and filings." *Id.* at 1116, 1120.

Whether an anti-SLAPP motion is a legal or a factual challenge is determined by the motion the defendant actually files. "The defendant determines which motions she files, not the plaintiff." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1156 (9th Cir. 2021); *accord Gunn*, 65 F.4th at

[1] Although several authorities cited in this Opposition and Countermotion arose under California's anti-SLAPP statute, the same principles apply to Nevada's. The Nevada Supreme Court "has repeatedly recognized the similarities between California's and Nevada's anti-SLAPP statutes, routinely looking to California courts for guidance in this area." *Coker v. Sassone*, 135 Nev. 8, 11, 432 P.3d 746, 749 (2019); *see also Shapiro v. Welt*, 133 Nev. 35, 39, 389 P.3d 262, 268 (2017) (looking to California law because the two statutes "are similar in purpose and language" (citation omitted)); *Patin v. Ton Vinh Lee*, 134 Nev. 722, 724, 429 P.3d 1248, 1250 (2018) (looking to California precedent for guidance where no Nevada precedent was instructive).

1120 (evaluating challenge as factual "based on her own statements in her anti-SLAPP motion and her reliance on extrinsic evidence"). And when a defendant "makes a factual challenge to a complaint, including by providing alternate facts to challenge the allegations in a complaint," the motion is treated "as a motion for summary judgment." *Clifford v. Trump*, 339 F. Supp. 3d 915, 922 (C.D. Cal. 2018).

This treatment is not a mere label. The Ninth Circuit applies the Rule 56 framework to fact-based anti-SLAPP motions across the board. It has held that the discovery-limiting features of anti-SLAPP procedure "collide with the discovery-allowing aspects of Rule 56" and therefore "cannot apply in federal court." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (quoting *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 982 (C.D. Cal. 1999)). It has held that the statute's 60-day filing deadline yields because "the timing controls imposed by section 425.16(f) directly collide with the more permissive timeline Rule 56 provides for the filing of a motion for summary judgment." *Sarver v. Chartier*, 813 F.3d 891, 900 (9th Cir. 2016). As a result, "for anti-SLAPP motions that sound in Rule 56," the Ninth Circuit allows filing "at any time until 30 days after the close of all discovery." *Gopher Media LLC v. Melone*, 154 F.4th 696, 712 (9th Cir. 2025) (en banc) (Bress, J., concurring) (quoting *Sarver*, 813 F.3d at 900). In federal court, then, anti-SLAPP motions "are really just motions to dismiss under Rule 12(b)(6) ***or*** summary judgment motions under Rule 56," and "[t]hey are subject to the same standards as those two types of motions." *Id.* at 716 (Bress, J., concurring) (emphasis added).

Nevada law points in the same direction. Before 2013, NRS 41.660 expressly instructed courts to "[t]reat the motion as a motion for summary judgment." *Shapiro*, 133 Nev. at 37 n.1, 389 P.3d at 266 n.1 (quoting NRS 41.660(3)(a) (1997)). And following the 2015 amendments, the Nevada Supreme Court has held that the special motion to dismiss "again functions like a summary judgment motion procedurally." *Coker*, 135 Nev. at 10, 432 P.3d at 748–49. The statute directs the court to "[c]onsider such evidence, written or oral, by witnesses or affidavits, as may be material in making a determination." NRS 41.660(3)(d); *see Coker*, 135 Nev. at 11 n.3, 432 P.3d at 749 n.3.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

### 3. Defendant's Anti-SLAPP Motion Was a Factual Challenge Governed by Rule 56, Not a Rule 12(b)(6) Motion.

Measured by "her own statements in her anti-SLAPP motion and her reliance on extrinsic evidence," *Gunn*, 65 F.4th at 1120, Defendant's Anti-SLAPP Motion was a factual challenge through and through. Defendant did not accept the Complaint's allegations as true; she announced that she "disputes the specifics of several" of them and "intends to substantiate those disputes." ECF No. 15 at 3 n.9. Nor did she confine herself to the pleading; she told the Court there were "several additional facts that are necessary for this Court to consider" and then supplied them from her declaration and exhibits. *Id.* at 4–6. She asked the Court to listen to the meeting recording and to consider her tone of voice. *Id.* at 6 n.27, 16 n.83. And she invoked her evidence to establish the truth of the facts underlying her accusation—arguing that the Menath quote was revoked because the aluminum wiring was not disclosed, that Westchester would not have quoted coverage had it known of the wiring, and that Menath believed Mr. Petersen was representing the Board. *Id.* at 2 & nn.4–7, 16–17 & nn.87–91 (citing ECF No. 15-1 ¶¶ 21, 23–28 and Exhibits D, E, H, and K).

This is precisely the kind of motion that *Planned Parenthood* and *Gunn* say is one under Rule 56.[2] It bears no resemblance to the motions in *Herring* and *Clifford*, where the defendants mounted a purely "facial attack" and the parties agreed that the motion challenged only legal sufficiency, *Herring*, 8 F.4th at 1153, 1156, or where the motion's arguments "assume[d] the truth of the allegations in the Complaint." *Clifford*, 339 F. Supp. 3d at 922. Mr. Petersen, for his part, responded to the Anti-SLAPP Motion as the Rule 56 motion it was—objecting to Defendant's evidence and requesting discovery under Rule 56 before any ruling. ECF No. 23 at 10–11, 21; ECF No. 24. Defendant's reply did not respond to any of Mr. Petersen's evidentiary objections or withdraw any of her evidence. *See generally* ECF No. 27. Nor did she oppose his request for Rule 56 discovery; she asserted only that "no amount of discovery will change this fact." *Id.* at 11.

[2] Defendant's own post-filing conduct confirms that she understood the motion the same way. A defendant who believes her motion tests only the sufficiency of the pleadings would ordinarily seek a stay of discovery while it remains pending. Defendant never did. Instead, she proceeded with discovery and deposed Mr. Petersen. *See* ECF No. 43 at 3.



53527089

Brownstein Hyatt Farber Schreck, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

Defendant cannot now recast the motion she filed as a simple Rule 12 motion in order to extinguish Mr. Petersen's right to amend. *See Herring*, 8 F.4th at 1156.

**4. Defendant's Alternative Reference to Rule 12(b)(6) Does Not Change the Result.**

Defendant's passing request for dismissal under Rule 12(b)(6) "in the alternative" does not convert her Anti-SLAPP Motion into a Rule 12 motion for purposes of Rule 15. *See* ECF No. 15 at 1, 18. The alternative request was not a separately argued motion; it rested on the same arguments, which were premised on the same evidence that went beyond the face of the Complaint. Even Defendant's opinion argument—the portion that most resembles a legal challenge—relied on her declaration, the bylaws, Mr. Petersen's October 27, 2024 email, the purported withdrawal email, and the Alliant email to establish that the facts she disclosed were "truthful." *Id.* at 15–17 & nn.87–92.

The Federal Rules address exactly this situation: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FRCP 12(d); *see Gunn*, 65 F.4th at 1120 ("[W]hen ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment." (citation omitted)). Defendant presented matters outside the pleadings in support of every argument she made, and she has never asked the Court to exclude them. To the contrary, in her reply she defended their consideration. ECF No. 27 at 3, 6. A motion that, by rule, "must be treated as one for summary judgment" is not the kind of pleading-stage motion that cuts off amendment as a matter of course.

Nor can Defendant salvage her position by calling the Anti-SLAPP Motion her "responsive pleading." ECF No. 45 at 6. A motion is not a pleading. FRCP 7(a) provides that "[o]nly these pleadings are allowed," and the enumerated list includes complaints, answers, and replies—not motions, and certainly not a special motion to dismiss under NRS 41.660(2). If the Anti-SLAPP Motion were a responsive pleading, Defendant's own logic would require striking her September

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

9, 2026 Answer and Counterclaim, since those would be fatally untimely under Rule 15. ECF No. 41.

#### 5. The First Amended Complaint Was Timely Filed Twenty-One Days After Defendant's Answer.

Because no motion under Rule 12(b), (e), or (f) preceded it, Defendant's September 9, 2026 Answer was the first event to trigger Rule 15(a)(1)(B). ECF No. 41; ECF No. 45 at 5.[3] Mr. Petersen filed the FAC twenty-one days later, on September 30, 2026—within the period the Rule allows. ECF No. 44. The Advisory Committee's observation that the 21-day periods "are not cumulative," ECF No. 45 at 7, has no application here. That principle prevents a second 21-day period when a responsive pleading follows a designated motion; it does nothing where, as here, no prior motion was ever served. Each of Defendant's authorities presupposes that a Rule 12(b), (e), or (f) motion came first. *See id.* at 2, 7–8. That premise is absent here.

It follows that the FAC is not a "legal nullity." *Id.* at 8. Defendant's cases—*Moulton*, *Warren*, *Wilkins*, and *Hardin*—address amended pleadings filed "without the right to do so" or that "cannot be made as of right." *Id.* at 2, 6. Unlike those cases, Mr. Petersen had the right to amend, and he exercised it within the time allowed. The Motion should be denied on this basis alone.

### B. Defendant Cannot Have It Both Ways: If Her Motion Is a Rule 12 Motion, She Is Not Entitled to Anti-SLAPP Relief.

Defendant's position also suffers from a fundamental inconsistency. Her Anti-SLAPP Motion described two forms of "complementary but distinct relief": dismissal for failure to state a claim if the Court granted the motion under Rule 12(b)(6), and the statute's "mandatory fee-shifting and potential additional sanctions" if the Court also found the first anti-SLAPP prong satisfied. ECF No. 15 at 10–11. She requested $3,373.50 in attorney's fees and an adjudication on the merits under NRS 41.660. *Id.* at 8, 15, 18.

But Defendant cannot treat her motion as an evidentiary, fee-shifting anti-SLAPP motion

---

[3] The Motion states that Defendant filed her Answer and Counterclaim on September 30, 2026. ECF No. 45 at 6. That is incorrect; as the Motion acknowledges elsewhere, Defendant filed her Answer and Counterclaim on September 9, 2026. *Id.* at 5; ECF No. 41.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

when seeking relief on the merits, and then as a simple Rule 12 motion when seeking to foreclose amendment. Either the Anti-SLAPP Motion is a Rule 56 motion—in which case it did not trigger Rule 15(a)(1)(B)—or it is a Rule 12 motion stripped of the evidence and the anti-SLAPP relief on which it depends. And if it is the latter, it is nothing more than an ordinary Rule 12(b)(6) motion that carries no fee award and, under Ninth Circuit law, could not result in dismissal of the initial complaint without leave to amend. *See Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004).

**C. Alternatively, the Court Should Grant Leave to Amend Under Rule 15(a)(2).**

Even if the Court were to conclude that leave was required, it should grant leave and deem the FAC filed, rather than strike it and require a duplicative round of motion practice. Rule 15's policy favoring amendment "is to be applied with extreme liberality." *Herring*, 8 F.4th at 1160 (internal quotations and citation omitted). In deciding whether to grant leave, courts consider bad faith, undue delay, prejudice to the opposing party, futility, and whether the plaintiff has previously amended. *Id.* at 1161; *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Prejudice carries the greatest weight, and absent prejudice or a strong showing on another factor, there is a presumption in favor of granting leave. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

That liberal policy applies with special force in the anti-SLAPP context. The Ninth Circuit has held that "granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." *Verizon*, 377 F.3d at 1091. For that reason, a court may defer consideration of an anti-SLAPP motion pending the filing of an amended complaint. *Id.*; *Mahoney v. Meta Platforms, Inc.*, 710 F. Supp. 3d 771, 781 (N.D. Cal. 2024); *Haskell v. Fadem*, 797 F. Supp. 3d 1062, 1074 (N.D. Cal. 2025). Mr. Petersen has never before amended, and the FAC is already on file, complete in itself, and available for the Court's review. Accordingly, to the extent the Court concludes that leave was required, Mr. Petersen countermoves for leave to amend under Rule 15(a)(2) and respectfully requests that the Court deem the FAC operative. Should the Court

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

require it, Mr. Petersen will promptly submit any additional materials necessary to comply with LR 15-1 and the redline requirement of this Court's Civil Standing Order. *See* ECF No. 9 at 2.[4]

**1. There Was No Undue Delay or Bad Faith.**

Mr. Petersen amended promptly once the facts became available. CDL did not produce its more than 1,500 responsive documents—including Defendant's October 21, 2024 email to AFI—until September 3, 2026. ECF No. 43 at 2, 4; FAC ¶¶ 56–59. Mr. Wright was not deposed until September 24, 2026, after the Menath depositions had to be vacated and rescheduled. ECF No. 43 at 3; ECF No. 45-2 at 2. Mr. Petersen filed the FAC on September 30, 2026—days after that testimony and within 21 days of Defendant's Answer. ECF No. 44. Nor is there any hint of bad faith. Defendant herself argued in reply that "at a minimum Plaintiff should be required to amend" to plead the falsity of the facts she disclosed, ECF No. 27 at 12, and that is precisely what the FAC does. ECF No. 44 ¶¶ 80–90.

**2. Defendant Will Suffer No Prejudice.**

Defendant identifies no prejudice, and there is none. Both claims in the FAC concern Defendant's own statements: an email she wrote and sent to AFI, and remarks she made at a board meeting she conducted. *Id.* ¶¶ 57–58, 69–72. Defendant needs no discovery to learn what she said. Defamatory Statement 2 is the same statement challenged in the original Complaint, and the FAC simply adds the facts developed in discovery that confirm its falsity. *Compare* ECF No. 15 at 2 (quoting original Complaint), *with* ECF No. 44 ¶¶ 72, 80–90. Fact discovery remains open through November 30, 2026, and dispositive motions are not due until December 30, 2026. ECF No. 43 at 5. And Defendant loses nothing on her anti-SLAPP theory: "If the offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available to defendants." *Verizon*, 377 F.3d at 1091.

---

[4] The Discovery Plan and Scheduling Order set July 21, 2026 as the deadline "to file any motions to amend the pleadings to add parties." ECF No. 31 at 2. The FAC adds no parties. To the extent that deadline is read to apply here, good cause exists under Rule 16(b)(4) because the facts underlying the FAC were not available to Mr. Petersen until after the deadline passed—including CDL's September 3, 2026 document production and Mr. Wright's September 24, 2026 deposition. ECF No. 43 at 2–4; ECF No. 45-2 at 2.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

**3. Amendment Is Not Futile.**

Defendant bears a heavy burden on futility. As she acknowledges, "dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." ECF No. 45 at 9 (quoting *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011)). Futility is measured against the pleading, not against a defendant's competing version of the facts. *See Mahoney*, 710 F. Supp. 3d at 778; *Herring*, 8 F.4th at 1156. "Amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim." *Aiello v. Geico Gen. Ins. Co.*, 379 F. Supp. 3d 1123, 1129 (D. Nev. 2019). Defendant's futility argument does not meet that standard.

**a. Defendant's futility argument depends on disputed deposition excerpts.**

Defendant's futility argument rests on selected excerpts from the depositions of Mr. Petersen and Mr. Wright. ECF No. 45 at 10–11; ECF Nos. 45-1, 45-2. That evidence cannot be weighed against the FAC's well-pleaded allegations at this stage, and its use only underscores that Defendant's challenges are, and always have been, factual. Indeed, Defendant's futility argument is yet another attempt to have it both ways: she asks the Court to treat her Anti-SLAPP Motion as a pleading-stage Rule 12 motion, while simultaneously asking the Court to resolve the merits on deposition testimony. *See supra* Section IV.B. In any event, the excerpts do not establish what Defendant claims. That Mr. Petersen did not tell Menath about the aluminum wiring, and that Mr. Wright has no memory of being told, ECF No. 45 at 10, is entirely consistent with the FAC's allegations that Mr. Wright never asked about the wiring, relied on Menath's own historical inspection data showing copper wiring, and found Mr. Petersen forthcoming and truthful. ECF No. 44 ¶¶ 30–35, 82–85. Those facts are a far cry from the "intentional omission of the material facts" in insurance "applications" that Defendant publicly attributed to Mr. Petersen. *Id.* ¶ 72.

**b. Defamatory Statement 2 is actionable because the facts Defendant disclosed were false.**

Defendant argues that her April 18, 2025 statement was protected opinion based on disclosed, true facts and a lay interpretation of a statute. ECF No. 45 at 9–11. But the disclosed-

facts doctrine protects an opinion only where the disclosed facts are themselves true; an "opinion based on fully disclosed facts can be punished only if the stated facts are themselves false and demeaning." *Herring*, 8 F.4th at 1159 (citation omitted). The FAC plausibly alleges that the facts Defendant stated were false. Defendant told the assembled owners that Mr. Petersen intentionally omitted material facts to the Menath agent, that "[i]n making applications, the applicant has to perform due diligence and disclose all relevant material facts to the insurer," and that "[h]e did not." ECF No. 44 ¶ 72. According to the FAC, Mr. Petersen never made or submitted any insurance application, never represented himself as an authorized agent of the Board, was never asked about CDL's wiring, and could not have intentionally omitted information that Menath never requested and believed it already had. *Id.* ¶¶ 25–35, 43, 47, 80–85. Mr. Wright also disagreed that the Menath quote was "false" and disputed Defendant's claim that every claim under the policy would have been denied. *Id.* ¶¶ 72, 86. Thus, the facts Defendant disclosed to support her purported "opinion" were themselves false—precisely the circumstance in which the disclosed-facts doctrine offers no protection. *See Herring*, 8 F.4th at 1159.

Defendant's reliance on cases holding that a layperson's interpretation of a statute is opinion, ECF No. 45 at 4, 9, misses the point. Mr. Petersen does not challenge Defendant's reading of NRS 686A.2815; he challenges the false factual bases she asserted while projecting that statute on the screen—that he made insurance applications on CDL's behalf and intentionally concealed material facts in them. ECF No. 44 ¶¶ 71–73, 80–85. At a minimum, a statement that mixes opinion with false or incomplete facts presents a question for the jury. *See Lubin v. Kunin*, 117 Nev. 107, 113, 17 P.3d 422, 426 (2001); ECF No. 15 at 11. Mr. Petersen has already explained in detail why Defendant's statement conveyed a false assertion of fact, ECF No. 23 at 17–20, and the FAC only strengthens those allegations.

**c. Defendant does not address Defamatory Statement 1 at all.**

Defendant's futility argument is directed exclusively to the April 18, 2025 statement. ECF No. 45 at 9–11. It says nothing about the FAC's libel claim based on Defendant's October 21, 2024 email to AFI. That omission is fatal to any suggestion that the FAC is futile as a whole. And the



BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

libel claim is plainly viable. Opinion statements come in "two kinds": "those based on assumed or expressly stated facts, and those based on implied, undisclosed facts." *Herring*, 8 F.4th at 1159 (citation omitted). The FAC alleges that Defendant's email—sent to insurance professionals, citing a felony fraud statute, and demanding a compliance and legal investigation and possible referral to authorities—implied the undisclosed and false fact that Mr. Petersen lied to AFI about his board status to obtain CDL's loss-run reports. ECF No. 44 ¶¶ 57–64, 92. It further alleges that AFI's own records identified Mr. Petersen as a homeowner and that Defendant knew he had never claimed board authority. *Id.* ¶¶ 23, 65–67, 94, 97. Those allegations state a plausible claim for libel per se. Moreover, because the email was a private communication to an insurer rather than a statement at a board meeting, Defendant's public-forum theory has no bearing on it.

### D. Defendant's Remaining Arguments Lack Merit.

Defendant's assertion that, because the FAC is a nullity, Mr. Petersen "is default [sic] without a response" to her counterclaim, ECF No. 45 at 8, fails for multiple reasons. First, the FAC was properly filed, so the argument's premise is wrong. Second, Defendant cites no authority for the proposition that the status of a plaintiff's amended complaint has any bearing on his obligation to respond to a counterclaim, which is governed by Rule 12(a)(1)(B). Third, default may be entered only through the procedure set out in Rule 55(a), not by way of a motion to strike. *See* FRCP 55(a).

Finally, Defendant asks that the FAC be stricken so that she may have "an opportunity to show that the First Amended Complaint alleges futile claims." ECF No. 45 at 1; *see id.* at 5, 11. She has had that opportunity: her Motion devotes three pages to futility. *Id.* at 8–11. Striking the FAC only to require Mr. Petersen to refile it with a motion for leave, so that Defendant may repeat the same arguments, would waste the parties' and the Court's resources without serving any legitimate purpose. The Federal Rules do not countenance that result; rather, they "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Mr. Petersen respectfully requests that the Court deny

Defendant's Motion to Strike Plaintiff's First Amended Complaint or, should the Court determine that leave was required, grant him leave to amend and deem the First Amended Complaint operative.

DATED: November 6, 2026.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

BY: */s/ Travis F. Chance*
TRAVIS F. CHANCE, ESQ.
tchance@bhfs.com
SEAN S. CUFF, ESQ. (*pro hac vice*)
scuff@bhfs.com
ASHLEY N. SCHOBERT, ESQ.
aschobert@bhfs.com

*Attorneys for Plaintiff/Counterdefendant Daniel Petersen*

## CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERMOTION FOR LEAVE TO AMEND** was filed and/or served via electronic service on the 6th day of November, 2026, through the Court's CM/ECF System, to the following:

Russell J. Carr, Esq.
HUTCHISON & STEFFEN, PLLC
100 W. Liberty Street, Suite 765
Reno, NV 89501
Email: rcarr@hutchlegal.com

*Attorneys for Defendant/Counterclaimant Kelly Mills Evers*

*/s/ Paula Kay*
an employee of Brownstein Hyatt Farber Schreck, LLP