Russell J. Carr, Esq. (15191)
**HUTCHISON & STEFFEN, PLLC**
100 W. Liberty Street, Suite 765
Reno, Nevada 89501
Telephone: (775) 853-8746
rcarr@hutchlegal.com

*Attorney for Kelly Mills Evers*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL PETERSEN, *Plaintiff,* vs. KELLY MILLS EVERS, *Defendant.* | Case No.: 3:26-cv-00094-ART-CSD |
| KELLY MILLS EVERS, *Counterclaimant,* vs. DANIEL PETERSEN, *Counterdefendant.* | **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT** (Pursuant to LR 7-2(b), Defendant will file her Opposition to Mr. Petersen's Countermotion for Leave to Amend separately on or before November 20, 2026) |

Defendant and Counterclaimant Kelly Mills Evers ("Ms. Evers") respectfully files this Reply in Support of Motion to Strike Plaintiff's First Amended Complaint (the "Motion to Strike") pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(f)(2). Plaintiff Daniel Petersen ("Mr. Petersen") filed his First Amended Complaint without leave of Court or without consent of counsel as required by Rule 15(a)(2). As such, Ms. Evers respectfully asks this Court to strike the First Amended Complaint pursuant to Rule 15(a)(2). Under LR 7-3(b), this Reply is only 12 pages.

## I. Introduction:

This Court can simply resolve the Motion to Strike by striking Mr. Petersen's First Amended Complaint and then considering his Countermotion for Leave to Amend. *See* ECF No. 52. The Countermotion for Leave to Amend should be construed as an implicit recognition that Mr. Petersen lacked leave when he filed his First Amended Complaint on September 30, 2026. Resultantly, this Court should strike the First Amended Complaint and then resolve whether leave to amend is proper.

In Opposition to the Motion to Strike, Mr. Petersen first claims that Ms. Evers' position—that a party must follow Rule 15—is an "unfair" premise that is "fundamentally wrong." Ms. Evers position is not fundamentally wrong. Cases from the District of Nevada, and the 2009 Advisory Committee's Note to Rule 15, both note that the 21-day period for leave to amend under Rule 15 expires after the *first* responsive pleading. *Moten v. Goodwrx, LLC*, 2:25-cv-00096-APG-BNW, 2025 WL 1249163, at *3 (D. Nev. Apr 30, 2025) (citing *Savignac v. Jones Day*, 341 F.R.D. 120, 123 (D.D.C. 2022)). Here, Mr. Evers filed her responsive pleading, the Special Motion to Dismiss pursuant to NRS 41.660 and Fed. R. Civ. P. 12(b)(6) (the "Motion to Dismiss"), on March 5, 2026. *See* ECF No. 15. Under Rule 15, Mr. Petersen was required to amend by March 26, 2026. He did not. Thus, he filed his First Amended Complaint on September 30, 2026, without leave.

Second, Mr. Petersen repeatedly contends that Ms. Evers filed a Motion for Summary Judgment on March 5, 2026. *See* ECF No. 15. In other words, he argues that he was entitled to file the First Amended Complaint because Ms. Evers did not file a Motion to Dismiss and filed a Motion for Summary Judgment subject to Rule 56 and that Ms. Evers' purported Motion to Dismiss never asked for relief under Rule 56. Moreover, Mr. Petersen expressly stated in his Opposition to Ms. Evers' Motion to Dismiss that, "<u>Defendant is not eligible for anti-SLAPP protection, and her Motion must be solely construed as a Rule 12(b)(6) motion to dismiss</u>." *See* ECF 23, at 17. Thus, Mr. Petersen's current contention, *i.e.*, that Ms. Evers filed a Motion for Summary Judgment, is directly rebutted by his previous argument.

Next, Mr. Petersen argues that leave to amend is not futile because of disputed evidence but does not attach any exhibits to show the purported dispute. Likewise, he does not address the powerful caselaw that shows that amendment is futile because Ms. Evers statements were evaluative

opinions of a statute. As the Ninth Circuit has stated, "'[a]bsent a clear and unambiguous ruling from a court or agency of competent jurisdiction, statements by laypersons that purport to interpret the meaning of a statute . . . are opinion statements, and not statements of fact.'" *Rodriguez v. Panayiotou*, 314 F.3d 979, 986 (9th Cir. 2002) (quoting *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731-32 (9th Cir. 1999)). Ms. Evers made an opinion statement.

Finally, Mr. Petersen argues that Ms. Evers will not suffer prejudice because of the First Amended Complaint. This is incorrect. Putting Ms. Evers "'through the time and expense of continued litigation on a new theory, with the possibility of additional discovery,' would cause undue prejudice." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) (quoting *Troxel Manufacturing Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir.1973)). Here, Mr. Petersen did not file his Motion for Leave to Amend until November 6, 2026, which is only 24 days before the discovery cutoff. *See* ECF No. 42, at 5. Ms. Evers litigated this case under the allegations asserted by the Complaint, and she should not have to litigate this case a second time.

In sum, Ms. Evers respectfully asks this Court to strike the First Amended Complaint.

## II. <u>Brief Statement of Relevant Facts and Procedural History:</u>

On April 18, 2025, Ms. Evers exercised her right to Free Speech by responding to multiple false accusations made by Mr. Petersen at an HOA Board Meeting. Ignoring the context of Ms. Evers' statements and his prior false accusations, Mr. Petersen filed a Complaint to try to obtain damages against Ms. Evers for slander on February 4, 2026. *See* ECF No. 1. Ms. Evers filed a Special Motion to Dismiss pursuant to NRS 41.660 and Fed. R. Civ. P. 12(b)(6) (the "Motion to Dismiss") on March 5, 2026, because the Complaint seeks relief for speech protected by the First Amendment. *See* ECF No. 15. Mr. Petersen filed his Opposition on March 23, 2026. *See* ECF No. 23. Ms. Evers filed her Reply on April 9, 2026. *See* ECF No. 27. Ms. Evers' Motion to Dismiss is still pending; confronted with an applicable statute of limitations, Ms. Evers filed her Answer and Counterclaim on September 9, 2026. This did *not* trigger a new 21-day period under Rule 15 because Ms. Evers had already filed a Motion to Dismiss. *See* 2009 Advisory Committee's Note to Rule 15; *Moten v. Goodwrx, LLC*, 2:25-cv-00096-APG-BNW, 2025 WL 1249163, at *3 (D. Nev. Apr 30, 2025)

Mr. Petersen's right to amend as a matter of course—pursuant to Rule 15(a)(1)—expired on March 26, 2026. Nonetheless, Mr. Petersen filed his First Amended Complaint—without leave—on September 30, 2026. ECF No. 44. Because Mr. Petersen lacked leave, Ms. Evers timely filed the Motion to Strike on October 9, 2026. *See* ECF No. 45. Mr. Petersen filed his Opposition on November 6, 2026. *See* ECF No. 51. This Reply follows. For the reasons stated above and below, the First Amended Complaint must be stricken.

## III. Reply Arguments:

Mr. Petersen argues that Rule 15 does not apply because Ms. Evers did not file a Motion to Dismiss under Rule 12(b)(6). Yet, Mr. Petersen expressly stated in his Opposition to Ms. Evers' Rule 12(b)(6) Motion that, "Defendant is not eligible for anti-SLAPP protection, and her Motion must be solely construed as a Rule 12(b)(6) motion to dismiss." *See* ECF 23, at 17. For this reason alone, Mr. Petersen's arguments in the Opposition should be rejected, and the Court should strike his First Amended Complaint. Nonetheless, each of Mr. Petersen's arguments is addressed.

### A. Ms. Evers filed a Motion pursuant to Rule 12(b)(6).

The gravamen of all of Mr. Petersen's arguments is his position that the Motion to Dismiss that Ms. Evers filed on March 5, 2026, was actually a Motion for Summary Judgment. Crucially, Ms. Evers never filed a Motion for Summary Judgment and never asked for Relief under Rule 56. As the following sections will show, Mr. Petersen's allegations are simply incorrect.

#### 1. Mr. Petersen confirmed that Ms. Evers' Motion was under Rule 12(b)(6).

Mr. Petersen contends that he was not required to obtain leave to amend because Ms. Evers did not file a Rule 12(b)(6) Motion. Yet, Mr. Petersen expressly stated in his Opposition to Ms. Evers' Rule 12(b)(6) Motion that, "Defendant is not eligible for anti-SLAPP protection, and her Motion must be solely construed as a Rule 12(b)(6) motion to dismiss." *See* ECF 23, at 17. Mr. Petersen previously argued to the Court that Ms. Evers' Rule 12(b)(6) Motion should be construed as a motion to dismiss; now, when that argument does not suit Mr. Petersen, he directly contradicts his prior argument and states that the Motion to Dismiss was not made pursuant to Rule 12(b)(6). As such, Mr. Petersen's position—that Ms. Evers is trying "to have it both ways"—is insincere.

/ / /

Mr. Petersen's prior representation to the Court is significant. Statements made "in a brief may be considered admissions of the party in the discretion of the district court." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 227 (9th Cir. 1988). Mr. Petersen's prior legal characterization of Ms. Evers' Motion to Dismiss directly undermines the premise of his present argument. Respectfully, Mr. Petersen cannot meaningfully dispute that the Motion to Dismiss sought relief under Rule 12(b)(6) when he previously asked the Court to adjudicate it on that precise basis. For this reason alone, the Opposition is misguided, and the First Amended Complaint should be stricken.

**2. Ms. Evers' Rule 12(b)(6) Motion triggered Rule 15(a)(1)(B).**

Mr. Petersen argues that Ms. Evers' Rule 12(b)(6) Motion to Dismiss did not trigger Rule 15(a)(1)(B) because it was actually a Motion for Summary Judgment.[1] However, "'the right to amend the complaint once as a matter of course terminates 21 days after the first responsive pleading or motion under Rule 12(b), (e), or (f) is served, and it does not revive thereafter.'" *Moten v. Goodwrx, LLC*, 2:25-cv-00096-APG-BNW, 2025 WL 1249163, at *3 (D. Nev. Apr 30, 2025) (emphasis added) (alterations omitted) (quoting *Savignac v. Jones Day*, 341 F.R.D. 120, 123 (D.D.C. 2022)). Here, Ms. Evers filed a Motion to Dismiss pursuant to NRS 41.660(2) and FRCP 12(b)(6) on March 5, 2026. *See* ECF No. 15. Mr. Petersen had 21 days to amend, which expired on March 26, 2026. ECF No. 44. He filed his First Amended Complaint on September 30, 2026, which was far beyond his 21-day deadline to amend as a matter of right. As such, this Court should strike the First Amended Complaint.[2] *Wilkins v. Macober*, No. 2:16-cv-0475, 2022 WL 18027822, at *2 (E.D. Cal. Dec. 30, 2022) (stating that a Complaint filed without leave may be stricken); *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) (same). Thus, this

---

[1]Notably, Mr. Petersen agreed to a Joint Case Management Report on April 15, 2026, stating that "Defendant has filed a Special Motion to Dismiss pursuant to Nevada's Anti-SLAPP statute, NRS 41.660(2), and **FRCP 12(b)(6)** which is currently pending before this Court." ECF 29, at 2, 4 (emphasis added). Mr. Petersen never took the position in the Joint Case Management Report that Ms. Evers had filed a Motion for Summary Judgment pursuant to Rule 56. *See id.*

[2]Mr. Petersen argues that Ms. Evers' Motion to Dismiss filed on March 5, 2026, did not qualify under Rule 7 as a pleading. Respectfully, this argument is misplaced as the foregoing authorities directly state that a motion under Rule 12(b) invokes Rule 15's 21-day period to amend. Thus, the Court should not consider any of the arguments pertaining to Rule 7, as they are irrelevant.

Court must strike the First Amended Complaint filed by Mr. Petersen on September 30, 2026.[3]

**3. Mr. Petersen's summary judgment arguments are misplaced.**

Mr. Petersen asserts three arguments to aver that Ms. Evers' Motion to Dismiss was a Motion for Summary Judgment pursuant to Rule 56. ECF No. 51, at 8-11. As noted above, Mr. Petersen previously argued in Opposition to the Motion to Dismiss that this Court should analyze the Motion to Dismiss "solely" under Rule 12(b)(6). *See* ECF 23, at 17. He also argued the Court should not consider any factual challenges to the Complaint. *Id.* at 21. Next, he argued that all his allegations must be accepted as true because Ms. Evers filed a Rule 12(b)(6) Motion to Dismiss. *Id.* at 3. He also added that the Court should consider none of Ms. Evers' exhibits because it was a Rule 12(b)(6) Motion. *Id.* at 11. Finally, Mr. Petersen also asked the Court to take judicial notice in the context of a Rule 12(b)(6) Motion to Dismiss. *Id.* at 14 n.3-4. Despite all these statements, Mr. Petersen now says that Ms. Evers' Motion to Dismiss was truly a Motion for Summary Judgment.

In any event, the law cited by Mr. Petersen does *not* show that Ms. Evers' Motion to Dismiss was a Motion for Summary Judgment. Indeed, the Motion to Dismiss was *not* a Motion for Summary Judgment for three strong reasons.

First, the Ninth Circuit has held that the Defendant—not the Plaintiff—determines which motion she files. *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1156 (9th Cir. 2021). In *Herring*, the Plaintiff (like Mr. Petersen) tried to argue that the Defendant's motion under Rule 12(b) was subject to the procedural requirements of Rule 56. The Ninth Circuit rejected that argument, explaining that the Defendant determines which type of motion is filed, not the Plaintiff. *Id.* Here, Ms. Evers never filed a Motion for Summary Judgment. She filed an anti-SLAPP motion to dismiss that also seeks relief under Rule 12(b)(6). Mr. Petersen cannot change the substance of the Motion to Dismiss at his discretion; Mr. Petersen contends that Ms. Evers chose to file a Motion for

---

[3]Mr. Petersen also argues that his First Amended Complaint was timely because he filed it on September 30, 2026, which was within 21 days of Ms. Evers filing her Answer and Counterclaim. However, the 2009 Advisory Committee's Note to Rule 15 states: "The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period." (Emphasis added.) As such, there was no new 21-day period after Ms. Evers served her Answer and Counterclaim.

Summary Judgment because she attached exhibits to the Motion to Dismiss and he avers that you can never do that. The Ninth Circuit, however, has explained that "[a] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating, preferably by an explicit ruling, that it will not exclude those materials from its consideration." *Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003). Mr. Petersen essentially avers that Ms. Evers filed a Motion for Summary Judgment because he says so, even though the Court has never converted Ms. Evers' Motion to Dismiss into a Rule 56 Motion. Thus, Mr. Petersen's contention that Rule 56 applies is misguided.

Second, Ms. Evers expressly asked the Court to review her anti-SLAPP motion under Rule 12(b)(6). Indeed, in her Reply to the Opposition to the Motion to Dismiss, Ms. Evers explicitly stated, "Ms. Evers challenges the legal sufficiency of Plaintiff's claims." ECF No. 27, at 6. She further stated that, "Ms. Evers has shown that Plaintiff's claims are legally insufficient to state a claim because of Nevada's anti-SLAPP statutes." *Id.* In federal court, "when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018). In *Planned Parenthood*, the Ninth Circuit recognized that Defendants "understood that the district court would be conducting a Rule 12(b)(6) analysis and supported their motion with arguments regarding Plaintiffs' pleading." *Id.* Here, like the Defendants in *Planned Parenthood*, Ms. Evers has directly challenged the legal sufficiency of Mr. Petersen's Complaint. Most notably, Ms. Evers specifically argued that—***as a matter of law***—she made a statement of opinion and that the Court was "not required to consider any facts outside Plaintiff's Complaint to arrive at this conclusion." ECF No. 27, at 11.

Third, Ms. Evers argued in her Reply to the Opposition to the Motion to Dismiss that "pursuant to Rules 12(b)(6) and NRS 41.650, dismissal of Plaintiff's Complaint is mandatory because the Court is not required to consider any facts outside of Plaintiff's Complaint to arrive at this conclusion." *See* ECF No. 27, at 11. Again, Ms. Evers chooses her motion.

/ / /

Ms. Evers has maintained, and will continue to maintain, that her statements are protected by the First Amendment. Thus, Mr. Petersen's argument that Rule 56 applies is, again, misguided. Ms. Evers' Motion to Dismiss was clearly asserted pursuant to NRS 41.650 and Rule 12(b)(6), and Mr. Petersen should not be allowed to apply Rule 56 to the analysis.

B. Mr. Petersen's position that Ms. Evers cannot obtain anti-SLAPP relief is incorrect.

The issue before the Court is whether Mr. Petersen's First Amended Complaint should be stricken because he did not have leave to amend. Yet, Mr. Petersen dedicates a portion of his brief to argue that Ms. Evers is not entitled to anti-SLAPP relief. *See* ECF No. 51 at 12-13. This is not the issue before the Court. Essentially, Mr. Petersen appears to argue that it is not possible to obtain a fee award under Rule 12(b)(6), and therefore, Ms. Evers cannot obtain relief under Rule 12(b)(6) because she requested attorney fees pursuant to NRS 41.660. He appears to also contend that he is entitled to amendment *no matter what*. The case cited by Mr. Petersen, *Verizon v. Del., Inc. v. Covd Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004), does not make these broad statements. NRS 41.670—which governs attorney fees—says nothing about a prohibition against an award of attorney fees if the anti-SLAPP motion is resolved as a matter of law. In other words, there is no requirement under NRS 41.670 that fees are awarded *only* if the Motion to Dismiss is resolved based on facts. Likewise, Mr. Petersen's contention that he is unequivocally entitled to leave to amend is false as explained in the section below. Thus, the gravamen of Mr. Petersen's contention—that Ms. Evers request for fees converted her Motion to Dismiss into a Rule 56 Motion—is misguided.

C. Leave to amend should not be granted.

As noted above, this Court should simply strike Mr. Petersen's First Amended Complaint and then decide whether leave is proper. Mr. Petersen argues that his First Amended Complaint should not be stricken, but then also filed a Countermotion for Leave to Amend. Respectfully, the Court should recognize that the Countermotion for Leave to Amend is an implicit acknowledgement that Mr. Petersen lacked leave to amend when he filed the First Amended Complaint on September 30, 2026. Ms. Evers reserves the right to fully address Mr. Petersen's Countermotion for Leave to Amend in her Opposition that is due on November 20. That said, Ms. Evers briefly addresses Mr. Petersen's arguments in support of leave.

There are five factors courts consider under Rule 15 to assess the propriety of leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Under the *Buckley* factors, leave to amend should be denied.

**1. There is bad faith because of shifting allegations and theories.**

Mr. Petersen filed his First Amended Complaint—without leave—after discovery directly refuted the allegations in his Complaint. Moreover, Mr. Petersen commenced new litigation in the Eighth Judicial District Court of the State of Nevada (Case No. A-26-960030-C) against the HOA and its management company relating to Ms. Evers' statements. Mr. Petersen's morphing allegations between the Complaint (ECF No. 1) and the First Amended Complaint (ECF No. 44) will be detailed in Ms. Evers' Opposition to the Motion for Leave to Amend.

**2. Defendant will suffer prejudice.[4]**

Putting Ms. Evers "'through the time and expense of continued litigation on a new theory, with the possibility of additional discovery,' would cause undue prejudice." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) (quoting *Troxel Manufacturing Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir.1973)). Here, Mr. Petersen did not file his Motion for Leave to Amend until November 6, 2026, which is only 24 days before the discovery cutoff. *See* ECF No. 42, at 5. Ms. Evers litigated this case under the allegations asserted by the Complaint, retained an expert witness based on the Complaint, conducted depositions based on the Complaint, filed her Motion to Dismiss based on the Complaint, and filed her Answer and Counterclaim based on the Complaint. Resultantly, Ms. Evers should not be subjected to additional expense to conduct additional discovery based on Mr. Petersen's newly asserted allegations.

---

[4]Mr. Petersen also argues that he had the right to amend his complaint because the Discovery Plan and Scheduling Order (ECF No. 31, at 2) states that July 21, 2026, is the deadline "to file any motions to amend pleadings to add parties." This argument is contrary to Local Rule 26-1(b)(2), which states that "the deadline for filing motions to amend the pleadings or to add parties is 90 days before the close of discovery." Here, the close of discovery is November 30, 2026. *See* ECF No. 42, at 5. Thus, pursuant to Local Rule 26-1(b)(2), Mr. Petersen should have filed his Motion for Leave to Amend by September 1, 2026. Resultantly, Mr. Petersen should have also filed a Motion to Modify the Scheduling Order Pursuant to Rule 16(b)(4).

**3. Amendment is futile as Mr. Petersen ignores the law and his admissions.**

Mr. Petersen argues that Ms. Evers' futility argument depends on disputed discovery.[5] *See* ECF No. 51, at 15-17. This argument fails because: (1) Mr. Petersen did not attach any "disputed" discovery to show his position or clarify his *own* deposition testimony; and (2) Mr. Petersen refused to address Ms. Evers arguments, based on his own pleading, that the First Amended Complaint fails as a matter of law.

"Under futility analysis, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (internal quotation marks omitted).

**As a matter of law**, Ms. Evers' statements were non-actionable opinions. The Ninth Circuit has stated, "'[a]bsent a clear and unambiguous ruling from a court or agency of competent jurisdiction, statements by laypersons that purport to interpret the meaning of a statute . . . are opinion statements, and not statements of fact.'" *Rodriguez v. Panayiotou*, 314 F.3d 979, 986 (9th Cir. 2002) (quoting *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731-32 (9th Cir. 1999)); *accord Friedman v. Boston Broadcasters, Inc.*, 522 N.E.2d 959 (Mass. 1988).

In *Rodriguez*, the defendant stated that the plaintiff entrapped him. As a matter of law, the Ninth Circuit ruled that this statement was an interpretation of law that cannot constitute defamation. 314 F.3d at 986. This case can be clearly resolved as a matter of law, just like *Rodriguez.*

Here, Ms. Evers also interpreted law, and her statement cannot constitute defamation. Mr. Petersen specifically seeks relief for defamation based on the allegation that Ms. Evers slandered him by stating that Mr. Petersen's failure to disclose aluminum wiring to Menath Insurance ("Menath") to obtain insurance quotes and coverage, coupled with not disclosing that he was not acting on behalf of the CDL Board, would, in her opinion, "***constitute***" insurance fraud pursuant to NRS 686A.2815 if the CDL Board "had relied on his false quote" from Menath. ECF 44**,** at 13 ¶ 72. Ms. Evers cited NRS 686A.2815, which forbids the omission or misrepresentation of material facts in insurance applications, *see id.*, because an insurer can deny coverage if an omission is

[5]Ms. Evers recognizes that Leave to Amend should be freely given, but the caveat to this general rule is that justice must require the amendment. *See* Fed. R. Civ. P. 15(a)(2). Here, justice requires allowing Ms. Evers to have her First Amendment right to Free Speech without protracted litigation.

material to the hazard assumed by the insurer under NRS 687B.110. Ms. Evers explained, had the HOA relied on the quote Mr. Petersen obtained without disclosure, it would have been devastating for the CDL community if coverage were denied after a fire. ECF 44**,** at 13 ¶ 72.

Based on Mr. Petersen's own admissions, amendment is futile. Mr. Petersen testified in his deposition that he never told the Menath agents, Ron Wright and Lori Nelson, about the aluminum wiring at CDL. *Petersen Deposition Transcript*, at p. 80 ¶ 3-8, p. 83 ¶ 18-24 p. 237 ¶ 5-8, p. 272, at ¶ 3-7 (Aug. 20, 2026) (ECF No. 45-1). Mr. Petersen learned about the aluminum wiring *ten days* before he obtained the quotes. *Id.* at p. 109 ¶ 10-13, 19-23. Mr. Petersen testified that he never told the Menath agents, Mr. Wright and Ms. Nelson, that he was not a board member and that the board did not give him authority to obtain insurance quotes. *Id.* at p. 66 ¶ 13-17, p. 80 ¶ 17-25, p. 81 ¶ 1-3, p. 237 ¶ 19-21, p. 238. Thus, based on Mr. Petersen's deposition testimony, he did not disclose to Menath that there was aluminum wiring in the subpanels, and he did not disclose that he was not acting on behalf of the CDL Board. This is precisely what Ms. Evers alleged in her statement—that Mr. Petersen did not disclose the aluminum wiring and that he did not have authority to act on behalf of the Board. Ms. Evers applied these facts to NRS 686A.2815 and rendered an opinion. This was protected by the First Amendment.

Notably, Mr. Petersen's Opposition never states that his deposition testimony was incorrect, attaches any portions of his testimony to show that it should be clarified, or otherwise disputes his admissions under the foregoing cases. This should be viewed as a concession pursuant to Local Rule 7-2(d). Thus, this Court should conclude that amendment is futile.

**4. Mr. Petersen caused a waste of the Court's resources.**

Mr. Petersen avers that Ms. Evers is wasting the Court's resources because "[s]triking the [First Amended Complaint] only to require Mr. Petersen to refile it with a motion for leave, so that Defendant may repeat the same arguments, would waste the parties' and the Court's resources without serving any legitimate purpose." ECF No. 51, at 17.

Respectfully, and more broadly, Mr. Petersen's entire action is an unfortunate use of the Court's limited resources. Mr. Petersen's claims do not address important issues like constitutional rights, civil rights, the environment, incarceration, or the plethora of other important issues that

confront the Court. Instead, Mr. Petersen's lawsuit is the continuation of a personal vendetta that he launched because of his inability to work cooperatively with the HOA Board and maintain constructive working relationships with his peers. *See generally* ECF No. 1; ECF No. 44. He has since expanded his litigation to file a lawsuit against the HOA and the Property Management Company in the Eighth Judicial District Court in Case No. A-26-960030-C.

Narrowly, the instant Motion to Strike serves a clear purpose—*i.e.*, Ms. Evers deserves an opportunity to challenge the propriety of the First Amended Complaint. Mr. Petersen filed his First Amended Complaint *before* his Motion for Leave to Amend; thus, Ms. Evers did not have that opportunity to challenge the same. Thus, Mr. Petersen caused the waste by not seeking leave to amend in the first instance. Respectfully, Mr. Petersen's argument lacks merit.[6]

## IV. <u>Conclusion:</u>

Mr. Petersen must comply with the rules. He should not have filed the First Amended Complaint without first seeking leave to amend. Mr. Petersen filed his Countermotion for Leave to Amend at the same time he filed his Opposition, *i.e.*, on November 6, 2026. This Court should conclude that Mr. Petersen's Countermotion for Leave to Amend is an implicit recognition that he lacked leave in the first instance on September 30, 2026. *See* ECF 52. Resultantly, this Court should strike the First Amended Complaint that was filed on September 30, 2026, and assess whether Mr. Petersen is entitled to leave after the parties complete briefing on the Motion for Leave to Amend. That said, Ms. Evers respectfully reserves all rights to show in greater detail that leave to amend is improper in her Opposition that is due on November 20, 2026. For the reasons stated herein, Ms. Evers respectfully asks this Court to strike the First Amended Complaint.[7]

---

[6]Mr. Petersen also alleges that Ms. Evers failed to address her email that cited a fraud statute. *See* ECF No. 51, at 17. Yet, that allegation is futile for the same reason—it is a lay opinion interpreting a statute. *Rodriguez*, 314 F.3d at 986.

[7]As noted above, Mr. Petersen filed a separate document (ECF No. 52) as a Countermotion for Leave to Amend. Notably, the Countermotion for Leave to Amend appears to be identical to the Opposition to the Motion to Strike. That said, Ms. Evers will file a full Opposition to the Motion for Leave to Amend by November 20, 2026. The Motion to Strike should be granted solely on the ground that Mr. Petersen's Countermotion for Leave to Amend is an implicit recognition that Leave to Amend was not granted at the time the First Amended Complaint was filed. Yet, this Court would also be within its discretion to deny leave to amend in resolving the Motion to Strike.

**AFFIRMATION**

The undersigned hereby affirms that the foregoing pleading does not contain the Social Security number or personal information of any person.

Dated: November 13, 2026.

**HUTCHISON & STEFFEN, PLLC**

*/s/ Russell J. Carr*

Russell J. Carr, Esq. (15191)
100 W. Liberty Street, Suite 765
Reno, Nevada 89501
Telephone: (775) 853-8746
rcarr@hutchlegal.com

*Attorney for Kelly Mills Evers*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of Hutchison & Steffen, PLLC, and that on this date I caused to be served a true copy of the attached **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT** on all parties to this action by the method(s) indicated below:

☒ by courtesy email addressed to:
Travis F. Chance, Esq.
Sean S. Cuff, Esq.
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
tchance@bhfs.com
scuff@bhfs.com

☐ by placing an original or true copy thereof in a sealed envelope, with sufficient postage affixed thereto, in the United States mail at Reno, Nevada, addressed to:

☒ by using the Court's electronic notification system by submitting the foregoing to the United States District Court for the District of Nevada's ECF-filing System for Electronic Service upon the Court's Service List pursuant to Rule 26(a)(1). The copy of the document electronically served bears a notation of the date and time of service.

Dated: November 13, 2026.

*/s/ Hailey Teeter*
Employee of Hutchison & Steffen, PLLC