TRAVIS F. CHANCE, ESQ., Nevada Bar No. 13800
tchance@bhfs.com
ASHLEY N. SCHOBERT, ESQ., Nevada Bar No. 16317
aschobert@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135

SEAN S. CUFF, ESQ. (*pro hac vice*)
scuff@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
675 15th Street, Suite 2900
Denver, CO 80202
Telephone: 303.223.1100

*Attorneys for Plaintiff/Counterdefendant*
*Daniel Petersen*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL PETERSEN,

Plaintiff,

v.

KELLY MILLS EVERS,

Defendant.

---

KELLY MILLS EVERS,

Counterclaimant,

v.

DANIEL PETERSEN,

Counterdefendant.

CASE NO.: 3:26-cv-00094-ART-CSD

**MOTION REGARDING DISCOVERY DISPUTE**

**(Motion to Extend Discovery Deadlines – Third Request)**

Plaintiff/Counterdefendant Daniel Petersen ("**Mr. Petersen**"), by and through his undersigned counsel, the law firm of Brownstein Hyatt Farber Schreck, LLP, files his Motion Regarding Discovery Dispute ("**Motion**") pursuant to Section V.B of the Court's Civil Standing Order (ECF No. 9), LR IA 6-1, and LR 26-3, and requests a 60-day extension of the fact discovery

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

cutoff and the remaining case management deadlines. This is the third request to extend discovery deadlines. *See* ECF Nos. 37, 43.

## I. UNRESOLVED ISSUES

Mr. Petersen seeks to extend the November 30, 2026 fact discovery cutoff, and the deadlines that follow it, by 60 days so that he may (1) resolve outstanding disputes regarding the document production of Defendant Kelly Evers ("**Defendant**") and complete the follow-up discovery those disputes require; and (2) depose third-party witness Ryan Wobbe, who has been served but is unavailable before the cutoff. Good cause supports the extension under FRCP 16(b)(4) and LR 26-3.

## II. ARGUMENT

### A. Legal Standard.

Because this request is made before, but within 21 days of, the cutoff, it must be supported by good cause. LR 26-3; *High v. NDOC*, No. 2:23-cv-00847-APG-DJA, 2025 WL 1918124, at *1 (D. Nev. July 11, 2025). "A schedule may be modified only for good cause and with the judge's consent." FRCP 16(b)(4). The inquiry focuses on the movant's diligence, and the key question is whether the deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 638 (D. Nev. 2021) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Courts also consider whether the need for relief arose from matters not reasonably foreseeable when the schedule was set and whether the movant sought relief promptly. *Id.* Diligence is measured across the entire period already allowed, and the showing must rest on concrete details rather than bald assertions. *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177, 1180 (D. Nev. 2022).

### B. Mr. Petersen Has Been Diligent.

The parties exchanged initial disclosures on April 17, 2026, and served written discovery and third-party subpoenas—including a subpoena duces tecum to the Coeur du Lac Condominium Homeowners Association ("**CDL**")—early in the discovery period. ECF No. 43. The depositions of Mr. Petersen, Ron Wright, and Defendant have been taken. Despite these initial depositions,

circumstances outside Mr. Petersen's control forced the parties to extend discovery twice, the most recent of which extended discovery by approximately six weeks on September 14, 2026. Declaration of Travis F. Chance ("**Chance Declaration**"), attached as **Exhibit 1,** ¶ 3. The discovery extension was mandated by delayed third-party subpoena responses, the withdrawal of defense co-counsel, and Defendant's belated filing of her September 9, 2026 Counterclaim, less than two months before the current close of discovery (ECF No. 41), which the original schedule did not contemplate. ECF Nos. 37, 43. Mr. Petersen answered the Counterclaim on November 21, 2026 (ECF No. 55), and discovery on it remains ongoing.

### C. Disputes Over Defendant's Production Require Additional Time.

Since August 2026, Mr. Petersen has repeatedly identified deficiencies in Defendant's production, including her failure to produce emails in native format with attachments and metadata and the absence of numerous emails that CDL produced but she did not. The parties exchanged meet-and-confer correspondence on, among other dates, August 21, September 11–14, October 2–9, October 22–29, and November 16, 2026. Chance Decl. ¶¶ 10–12, 16–17. Defendant then produced 204 additional pages and audio files on October 29, 2026, days before her November 2 deposition. *Id.* ¶ 14. Her deposition confirmed further gaps, including that the original October 21, 2024 email underlying Mr. Petersen's libel per se claim in his First Amended Complaint has not been produced as a standalone native email, and Mr. Petersen has asked whether her email account at her husband's law firm, which she used for CDL business, was ever searched. *Id.* ¶¶ 15–16. On November 16, Mr. Petersen requested cure by November 20–23 and a conference regarding an extension. *Id.* ¶ 16.

Despite these conferrals, deficiencies remain. For example, Defendant's supplemental RFP responses identify CDL documents as responsive. *See, e.g.*, Defendant's Second Supplemental Responses to Plaintiff's First Set of Requests for Production of Documents, attached as **Exhibit 2**, at 4 (Second Supplemental Response to Request for Production No. 7, identifying CDL 4965–4967 as responsive). These responses underscore concerns about the completeness of Defendant's search for and production of responsive documents and confirm the gaps in Defendant's production

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

identified by Mr. Petersen and the need for Defendant to locate and disclose responsive documents produced by CDL that she has not produced herself. And even if Defendant produces the outstanding materials now, Mr. Petersen cannot review them, resolve remaining disputes, and complete any warranted follow-up—including a limited continued deposition of Defendant regarding her late production—before November 30.

This request does not stem from carelessness or a busy calendar, but from a served witness's unavailability and production deficiencies that surfaced late despite Mr. Petersen's timely efforts. *Cf. Williams*, 627 F. Supp. 3d at 1179–80; *Yearwood v. Sunrise Hosp. & Med. Ctr., LLC*, No. 2:25-cv-01318-JCM-NJK, 2026 WL 949055, at *3 (D. Nev. Apr. 8, 2026). Mr. Petersen sought relief before the cutoff, and Defendant herself served new written discovery on October 29, 2026, and noticed a non-party deposition for November 23, 2026.

**D. Third-Party Discovery Cannot Be Completed by November 30**.

Although Mr. Petersen served his subpoena on July 6, 2026, CDL first produced documents almost two months late on September 3, 2026. CDL's initial subpoena response included more than 1,500 documents without written responses or a privilege log. The remainder of CDL's production then arrived piecemeal, including a second production and privilege log in late September and further documents on October 6, 2026. ECF No. 43; Chance Decl. ¶¶ 4–5. And while CDL represented its production was complete after October 6, 2026, Mr. Petersen received yet another production including almost 1,000 documents and a corresponding privilege log on October 29, 2026. Chance Decl. ¶ 6. Separately, Mr. Petersen noticed the deposition of Ryan Wobbe, an RT Specialty vice president who communicated with Menath Insurance regarding CDL's insurance, for November 30, 2026. *Id.* ¶ 7. After RT Specialty's security refused service at his office, Mr. Wobbe was personally served at his residence on November 17, 2026. *Id.* ¶ 8. He has advised, through counsel, that he will be in London on November 30 and is available by Zoom on December 4, 2026—after the cutoff. *Id.* ¶ 9. That deposition cannot occur before the cutoff regardless of the parties' diligence.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

## III. REQUESTED RESOLUTION

Mr. Petersen requests that the Court extend the current discovery deadlines by 60 days: fact discovery cutoff and rebuttal expert disclosures from November 30, 2026 to January 29, 2027; expert discovery cutoff from December 7, 2026 to February 5, 2027; dispositive motions from December 30, 2026 to March 1, 2027; and the joint pretrial order deadline (absent dispositive motions) from January 29, 2027 to March 30, 2027. Within that period, the parties will complete (1) Mr. Wobbe's deposition on December 4, 2026, or another agreed date; (2) motion practice on Defendant's production deficiencies; and (3) remaining Counterclaim discovery.

DATED: November 23, 2026.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

BY: */s/ Travis F. Chance*
TRAVIS F. CHANCE, ESQ.
tchance@bhfs.com
SEAN S. CUFF, ESQ. (*pro hac vice*)
scuff@bhfs.com
ASHLEY N. SCHOBERT, ESQ.
aschobert@bhfs.com

*Attorneys for Plaintiff/Counterdefendant Daniel Petersen*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **MOTION REGARDING DISCOVERY DISPUTE** was filed and served via electronic service on the 23rd day of November, 2026, through the Court's CM/ECF System, to the following:

Russell J. Carr, Esq.
HUTCHISON & STEFFEN, PLLC
100 W. Liberty Street, Suite 765
Reno, NV 89501
Email: rcarr@hutchlegal.com

*Attorneys for Defendant/Counterclaimant Kelly Mills Evers*

*/s/ Paula Kay*
an employee of Brownstein Hyatt Farber Schreck, LLP

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

**INDEX OF EXHIBITS**

| **EXHIBIT NUMBER** | **DESCRIPTION** |
|---|---|
| 1 | Declaration of Travis F. Chance |
| 2 | Defendant Kelly Mills Evers' Second Supplemental Responses to Plaintiff Daniel Petersen's First Set of Requests for Production of Documents (Nov. 16, 2026) |