TRAVIS F. CHANCE, ESQ., Nevada Bar No. 13800
tchance@bhfs.com
ASHLEY N. SCHOBERT, ESQ., Nevada Bar No. 16317
aschobert@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135

SEAN S. CUFF, ESQ. (*pro hac vice*)
scuff@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
675 15th Street, Suite 2900
Denver, CO 80202
Telephone: 303.223.1100

*Attorneys for Plaintiff/Counterdefendant*
*Daniel Petersen*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL PETERSEN,

Plaintiff,

v.

KELLY MILLS EVERS,

Defendant.

KELLY MILLS EVERS,

Counterclaimant,

v.

DANIEL PETERSEN,

Counterdefendant.

CASE NO.: 3:26-cv-00094-ART-CSD

**MOTION TO EXTEND DEADLINE TO FILE REPLY IN SUPPORT OF COUNTERMOTION FOR LEAVE TO AMEND**

**(First Request)**

Plaintiff/Counterdefendant Daniel Petersen ("**Mr. Petersen**"), by and through his undersigned counsel, the law firm of Brownstein Hyatt Farber Schreck, LLP, files his Motion to Extend Deadline to File Reply in Support of Countermotion for Leave to Amend ("**Motion**"). Mr. Petersen filed his Countermotion for Leave to Amend on November 6, 2026 (ECF No. 52), and

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

Defendant/Counterclaimant Kelly Mills Evers ("**Defendant**") filed her Opposition on November 20, 2026. ECF No. 54. Mr. Petersen's Reply is currently due Friday, November 27, 2026—the day after Thanksgiving, on which the Court is closed. Mr. Petersen requests a seven-day extension, to Friday, December 4, 2026. This is the first request to extend this deadline, and no prior extension of it has been granted. *See* LR IA 6-1(a), (c).

This Motion is based on the attached Memorandum of Points and Authorities, the Declaration of Sean S. Cuff ("**Cuff Declaration**"), the pleadings and other papers on file, and any oral argument this Court may hear.

DATED: November 24, 2026.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

BY: */s/ Travis F. Chance*
TRAVIS F. CHANCE, ESQ.
tchance@bhfs.com
SEAN S. CUFF, ESQ. (*pro hac vice*)
scuff@bhfs.com
ASHLEY N. SCHOBERT, ESQ.
aschobert@bhfs.com

*Attorneys for Plaintiff/Counterdefendant Daniel Petersen*

**DECLARATION OF SEAN S. CUFF, ESQ. IN SUPPORT OF MOTION TO EXTEND DEADLINE TO FILE REPLY IN SUPPORT OF COUNTERMOTION FOR LEAVE TO AMEND**

I, Sean S. Cuff, hereby declare as follows:

1. I am a senior associate at the law firm of Brownstein Hyatt Farber Schreck, LLP and counsel of record for Mr. Petersen in this action. I make this Declaration in support of Mr. Petersen's Motion. I have personal knowledge of the facts set forth herein and, if called upon to do so, am competent to testify thereto.

2. On Friday, November 20, 2026, Defendant filed and served her Opposition to Mr. Petersen's Countermotion for Leave to Amend. ECF No. 54. Under LR 7-2(b), Mr. Petersen's reply is due seven days after service, on Friday, November 27, 2026.

3. Friday, November 27, 2026, is the day after Thanksgiving. Our office called the Clerk's Office, which confirmed that the Court is closed on Friday, November 27, 2026—the current reply deadline. Our firm is also closed that day, and firm support staff will not be working. Support staff will also be leaving early on the afternoon of Wednesday, November 25, 2026, ahead of the holiday.

4. On Monday, November 23, 2026, at 9:22 a.m., I emailed Defendant's counsel, Russell J. Carr, Esq., explaining that, "with the [Thanksgiving] holiday Thursday and our office closed Friday," Mr. Petersen would like a seven-day extension of his reply deadline, and asking whether Defendant would stipulate to that extension. A true and correct copy of the email exchange with Defendant's counsel regarding this request is attached as **Exhibit 1**.

5. At 8:48 p.m. on November 23, 2026, Mr. Carr responded that "[a]ny extension for Mr. Petersen's Reply to the Opposition to the Countermotion for Leave to Amend will be conditioned on him withdrawing the Motion Regarding Discovery Dispute," referring to Mr. Petersen's November 23, 2026 Motion Regarding Discovery Dispute (ECF No. 56). Ex. A.

6. On November 24, 2026, I responded, asked Mr. Carr to provide his availability to meet and confer at his earliest convenience, and noted that the extension request was made to accommodate a national holiday and related travel. *Id.* As of the filing of this Motion, Mr. Carr has not responded. Given the approaching deadline and the holiday, Mr. Petersen could not wait for a



BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

response and files this Motion out of an abundance of caution, for planning purposes, and to accommodate the schedules of firm support staff.

7. I make this declaration in good faith and not for delay or any other improper purpose.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 24th day of November, 2026, in Key Largo, Florida.

*/s/ Sean S. Cuff*
SEAN S. CUFF

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Mr. Petersen asks for a modest, one-week extension amidst a holiday break. His Reply is due on the day after Thanksgiving—a day on which the Court, the firm, and its support staff are all closed. Meeting that deadline would require either asking undersigned counsel's support staff to work on their holiday or filing on the morning of Wednesday, November 25, which would cut more than two days from Mr. Petersen's seven-day reply period. The request comes before the deadline, in the middle of the busiest stretch of discovery in this case, and will prejudice no one. Expecting this professional courtesy to be unopposed, Mr. Petersen sought Defendant's agreement. Yet, Defendant would agree only if Mr. Petersen withdrew his pending discovery motion. The Court should grant the extension.

## II. BACKGROUND

Mr. Petersen filed his Countermotion for Leave to Amend on November 6, 2026. ECF No. 52. Defendant filed and served her Opposition (ECF No. 54) on Friday, November 20, 2026, making Mr. Petersen's reply due Friday, November 27, 2026. LR 7-2(b).

The reply deadline falls in the final days of fact discovery, which currently closes November 30, 2026. ECF No. 43. In the past month alone, Mr. Petersen deposed Defendant on November 2, 2026, after she produced 204 additional pages and audio files mere days earlier on October 29, 2026; non-party CDL produced almost 1,000 additional documents and a privilege log on October 29, 2026; Defendant served new written discovery and noticed additional depositions, including that of non-party Nadji Backus on November 23, 2026; Mr. Petersen served a detailed meet-and-confer letter regarding Defendant's production deficiencies on November 16, 2026; and Mr. Petersen served third-party witness Ryan Wobbe with a deposition subpoena on November 17, 2026. ECF No. 56 at 3–4. Over the same period, Mr. Petersen opposed Defendant's Motion to Strike his First Amended Complaint (ECF No. 51), filed his Countermotion for Leave to Amend (ECF No. 52), answered Defendant's Counterclaim on November 21, 2026 (ECF No. 55), and filed his Motion Regarding Discovery Dispute on November 23, 2026 (ECF No. 56).

On November 23, 2026, Mr. Petersen asked Defendant to stipulate to a modest, seven-day extension of the reply deadline in light of the holiday. Cuff Decl. ¶ 4; Ex. A. Defendant, however, conditioned any extension on Mr. Petersen's withdrawal of his Motion Regarding Discovery Dispute. Cuff Decl. ¶ 5; Ex. A.

## III. LEGAL STANDARDS

A motion to extend any date set by an order of the Court must be supported by a showing of good cause for the extension. FRCP 6(b)(1); LR IA 6-1. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010) (citation omitted).

Magistrate judges have broad discretion to manage their dockets "in the interests of dispatch and fairness." *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 361 (D. Nev. 2019). Rule 6(b)(1), "like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal quotations and citation omitted). "Consequently, requests for extensions of time made before the applicable deadline has passed should 'normally. . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Id.* at 1259 (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)).

## IV. ARGUMENT

### A. Good Cause Exists Because the Deadline Cannot Reasonably Be Met Despite Mr. Petersen's Diligence.

The reply deadline falls on Friday, November 27, 2026, the day after Thanksgiving. The Court is closed that day, as is Mr. Petersen's counsel's firm, and the firm's support staff are off. Cuff Decl. ¶ 3. Meeting the deadline would require a staff member to work on what is supposed to be a holiday. Filing early is not a realistic alternative: Mr. Petersen's counsel's firm support staff

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

will leave early on Wednesday, November 25, so a pre-holiday filing would cut more than two days from the seven days the Local Rules allow for a reply. *Id.*; LR 7-2(b). This is precisely the kind of holiday-constrained deadline that warrants a short extension. *See Ahanchian*, 624 F.3d at 1259 (recognizing that a holiday can create a "constrained deadline" and that it is "neither unreasonable nor unexpected" for attorneys to take such holiday).

Nor does the request stem from any lack of diligence. Mr. Petersen's counsel requested an extension on the morning of November 23, 2026, the next business day after Defendant filed her opposition. Cuff Decl. ¶ 4. Mr. Petersen's counsel has been working simultaneously on every front of this case as fact discovery currently closes on November 30, 2026: party and non-party depositions, a late production of almost 1,000 documents from CDL, Defendant's new written discovery, a third-party deposition subpoena that required personal service, a detailed meet-and-confer effort over Defendant's production deficiencies, an answer to Defendant's Counterclaim, and a motion to resolve the parties' discovery disputes. ECF Nos. 55, 56. That work has been done promptly and in good faith. The holiday simply leaves no reasonable window to complete the reply on the current schedule.

**B. The Requested Extension Is Modest and Will Not Prejudice Defendant.**

Mr. Petersen seeks one week, moving the deadline from November 27 to December 4, 2026. The request is made before the deadline expires and in good faith, and the extension will not affect any other deadline in the case or prejudice Defendant. Requests of this kind should normally be granted. *Ahanchian*, 624 F.3d at 1259.

Mr. Petersen asked Defendant to stipulate to the extension on November 23, 2026. Cuff Decl. ¶ 4; Ex. A. But Defendant responded that any extension "will be conditioned on [Mr. Petersen] withdrawing the Motion Regarding Discovery Dispute." Ex. A. Despite being promptly asked to confer further on the conditions Defendant imposed on a stipulation, Mr. Petersen's counsel has not been able to reach Defendant's counsel. Cuff Decl. ¶ 5. Given the approaching deadline and the holiday, Mr. Petersen could not wait for a response. Cuff Decl. ¶ 5. Thus,

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

conditioning a stipulation on an unrelated pending discovery matter was the unfortunate event causing this motion. *See* LR 1-1(c).

## V. **CONCLUSION**

For these reasons, Mr. Petersen respectfully requests that the Court extend his deadline to file a reply in support of his Countermotion for Leave to Amend (ECF No. 52) from November 27, 2026 to December 4, 2026.

DATED: November 24, 2026.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

BY: */s/ Travis F. Chance*
TRAVIS F. CHANCE, ESQ.
tchance@bhfs.com
SEAN S. CUFF, ESQ. (*pro hac vice*)
scuff@bhfs.com
ASHLEY N. SCHOBERT, ESQ.
aschobert@bhfs.com

*Attorneys for Plaintiff/Counterdefendant Daniel Petersen*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

**CERTIFICATE OF SERVICE**

Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **MOTION TO EXTEND DEADLINE TO FILE REPLY IN SUPPORT OF COUNTERMOTION FOR LEAVE TO AMEND** was filed and/or served via electronic service on the 24th day of November, 2026, through the Court's CM/ECF System, to the following:

Russell J. Carr, Esq.
HUTCHISON & STEFFEN, PLLC
100 W. Liberty Street, Suite 765
Reno, NV 89501
Email: rcarr@hutchlegal.com

*Attorneys for Defendant/Counterclaimant Kelly Mills Evers*

*/s/ Paula Kay*
an employee of Brownstein Hyatt Farber Schreck, LLP

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

**INDEX OF EXHIBITS**

| **EXHIBIT NUMBER** | **DESCRIPTION** |
|---|---|
| 1 | Email Exchange Between Counsel Regarding Requested Extension (Nov. 20–24, 2026) |