Russell J. Carr, Esq. (15191)
**HUTCHISON & STEFFEN, PLLC**
100 W. Liberty Street, Suite 765
Reno, Nevada 89501
Telephone: (775) 853-8746
rcarr@hutchlegal.com
*Attorney for Kelly Mills Evers*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL PETERSEN,<br>*Plaintiff,*<br>vs.<br>KELLY MILLS EVERS,<br>*Defendant.* | Case No.: 3:26-cv-00094-ART-CSD<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION REGARDING DISCOVERY DISPUTE** |
| KELLY MILLS EVERS,<br>*Counterclaimant,*<br>vs.<br>DANIEL PETERSEN,<br>*Counterdefendant.* | |

Defendant and Counterclaimant Kelly Mills Evers ("Ms. Evers" or "Defendant") respectfully files this Response to the Motion Regarding Discovery Dispute that was filed by Plaintiff and Counterdefendant Daniel Petersen ("Mr. Petersen" or "Plaintiff") on November 23, 2026. *See* ECF No. 56-57. Pursuant to this Court's Standing Order, *see* ECF No. 9, this Response is only **five** pages. Pursuant to ECF No. 9 Section V(B), a declaration is attached. *See* **Exhibit 1.** Pursuant to the Standing Order, Defendant respectfully asks this Court to order full briefing on whether good cause exists to extend the discovery deadline pursuant to Fed R. Civ. P. 16(b)(4). *See* ECF No. 9, at 4.

**1. A Statement of the Unresolved Issues:**

First, Defendant respectfully disagrees that discovery should be extended.

Second, Defendant respectfully disagrees that any *genuine* discovery dispute exists.

**2. A Summary of Defendant's Position:**

A. Defendant Believes that Discovery Should Not Be Extended.

First, Plaintiff had the opportunity to complete discovery and chose not to do so. Now, a week before discovery is set to close, he moves for a 60-day extension of discovery based on specious and unfounded allegations of discovery misconduct and the need for third-party discovery without establishing *what* that discovery would accomplish. Respectfully, this is not good cause.

Discovery extensions must be supported by good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Good cause requires diligence on the part of the party seeking an extension. *Id.* at 609. In the case *Meza-Perez v. Sbarro, LLC*, the Ninth Circuit—in an unpublished disposition—ruled that an extension for further discovery was not warranted where discovery had already been extended to nine months and a party failed to depose necessary witnesses until one month prior to discovery closing. *See* No. 23-15702, 2024 WL 4532903, at *4 (9th Cir. Oct. 21, 2024) (unpublished disposition).

The discovery deadline was first set October 19, 2026. It was extended 42 days—in two extensions—to conduct further discovery. *See* ECF Nos. 31, 37, 42, 43. On September 14, 2026, the Parties noted that they wanted to extend discovery to take the depositions of Defendant Kelly Evers, Ron Wright, and Sharon Petersen—all of those depositions have been conducted.

Plaintiff has not been diligent. Plaintiff argues that he needs to extend discovery to take the deposition of non-party Ryan Wobbe. Yet, Plaintiff fails to explain why he did not seek to set the deposition of Mr. Wobbe until November 10, 2026. The Parties completed the deposition of Ron Wright on September 24, 2026. **Exhibit 1,** at Paragraph 31. In that deposition, the Parties discussed the emails with Ryan Wobbe. If Plaintiff had wanted to depose Mr. Wobbe, he had the entire months of October and November to do so. He failed to schedule that deposition until November. Plaintiff fails to explain *how* the deposition of Ryan Wobbe affects the case. Defendant acknowledges that she is taking a deposition on November 30, 2026, but that is within the discovery cut-off.

Plaintiff has also not been diligent in pursuing any of the purported "discovery disputes" that he alleges warrant relief. Further, in an email dated October 2, 2026, Plaintiff expressly wrote that

he would not allow any further discovery extensions. **Exhibit 2.**

B. <u>Defendant Believes that Plaintiff's Allegations of Discovery Disputes are Misguided.</u>

It appears that Plaintiff's litigation strategy is to create a discovery dispute. As a primary example, Plaintiff sent an email to Defendant on October 2, 2026, alleging that Defendant did not disclose an email that was sent by Defendant on April 18, 2025. **Exhibit 2**. Before Defendant had an opportunity to respond, Plaintiff send a second email stating, "I cannot emphasize how problematic it is that your client with[e]ld one of the most critical emails . . . to our client's claim." **Exhibit 2**. In the same email, Plaintiff stated, "[w]e will not extend the schedule again and we will not reschedule her deposition to accommodate what appear[s] to be her own intentional discovery misconduct." *Id.* Plaintiff concluded the email by stating, "[n]o more games." *Id.* Defendant responded the same evening and pointed out that the precise document that Plaintiff alleged was not produced had ***in fact*** been produced as DEF_001890 to DEF_002026 on August 20, 2026. *Id.* Thus, Plaintiff had these documents for more than 40 days and still alleged that they were not produced in discovery. This exchange is crucial, as it shows that Plaintiff's strategy has been to allege "discovery misconduct" since at least October 2, 2026, without doing requisite due diligence to ensure that such discovery has not been produced and is appropriate under Rules 26(b)(1), 33, 34, and 36. Notably, Plaintiff also took the position that no further extensions of discovery would be sought and now is taking the position that additional discovery is mandatory. Since that date, Plaintiff has raised a plethora of *potential* discovery violations without analyzing the governing standard under Rule 26(b)(1), *i.e.*, "the importance of the discovery in resolving the issues" or whether the discovery is responsive. Defendant has worked with Plaintiff to provide supplements for each Meet and Confer.

Despite Defendant spending considerable time to address Plaintiff's allegations of discovery misconduct, Plaintiff has omitted key events in the Meet and Confer process. On October 24, 2026, the undersigned sent an email to Plaintiff's counsel to recap the Meet and Confer on the RFPs that the Parties had on October 22, 2026. **Exhibit 1**, at Paragraph 11(g). Defendant wrote that: (1) "Mr. Petersen would agree to serve new RFPs with respect to [Donna] Zanetti," (2) Ms. Evers will examine the CDL documents (that do not pertain to Zanetti) that Mr. Petersen cites in the email from October 8, 2026. Each document will be examined with respect to Mr. Petersen's RFPs (first

set). If Ms. Evers has those in her custody, she will produce them if they are responsive. If they are not responsive, she will note her position on why they are not responsive. Ms. Evers will check for any additional responsive documents and produce anything that is responsive to Set One," and (3) "Ms. Evers will create a new table for her disclosures that identifies emails and exhibits and splits those into PDFs." *Id.* Plaintiff wrote back on October 24, 2026, "[t]hat all sounds consistent with our Meet and Confer." *Id.* On October 29, 2026, Defendant sent Plaintiff a Meet and Confer Letter. **Exhibit 1**, at Paragraph 11(i). This letter contained an Excel table with emails and their corresponding Bates Numbers to resolve the Meet and Confer. In the letter, Defendant wrote, "[p]lease advise by October 30, 2026, whether this is a reasonable resolution." *Id.* Plaintiff did not write back until November 16. On November 17, 2026, the undersigned spoke to Plaintiff's counsel on a call. **Exhibit 1**, at Paragraph 11(j). In that call, among other issues, the Parties discussed that producing the PDFs for the Bates Ranges that were referenced in Defendant's Meet and Confer Letter from October 29, 2026, was an acceptable resolution. That evening, Defendant wrote an email to Plaintiff stating, "[i]t is my understanding that our agreement is that creating these PDFs is an acceptable resolution." *Id.* Undersigned counsel received no response. Defendant compiled the new PDFs referenced in the Meet and Confer Letter from October 29, 2026, and produced them to Plaintiff on November 20, 2026. *Id.* Since November 17, 2026, Defendant has received *no* correspondence from Plaintiff that the PDFs—which the Parties agreed would resolve this dispute—are insufficient.

As noted above, an extension of discovery is warranted when a party diligently seeks relief. In the case *Zivkovic v. Southern California Edison Co.*, the Ninth Circuit held that if a party seeking a modification of discovery "was not diligent, the inquiry should end." 302 F.3d 1080, 1087 (9th Cir. 2002). In so holding, the Ninth Circuit ruled that a four-month delay in seeking relief was unreasonable. Here, even if Plaintiff's purported discovery disputes related to native documents had merit—respectfully, they do not—waiting from August 21 to November 23 to raise any motion with the Court is not reasonable diligence. This is a three-month delay. Moreover, Plaintiff could have sought to extend discovery in October. Instead, Plaintiff waited until 7 days before the discovery cutoff date to move for an extension, which is not diligent.

Finally, insofar as Plaintiff argues that Defendant has not produced documents that are responsive because of the Coeur Du Lac Condominium Homeowners Association ("CDL") documents, Defendant addressed this issue in her Fourth Supplemental Disclosure on October 29, 2026, and her Meet and Confer Letter that accompanied the same. Defendant addressed the documents identified by Plaintiff and responded to the same on October 29, 2026. Plaintiff has not responded to Defendant on how any additional CDL documents are responsive to the RFPs or proportional to the needs of the case. Insofar as Plaintiff alleges that "gaps in Defendant's production" exist with the CDL production, Plaintiff does not explain how any of these "gaps" are responsive to the RFPs. Further, CDL disclosed a document in discovery at CDL 6208-6234, which is a Management Agreement between Incline Property Management and CDL. In Section 2.14 of this document, CDL and Incline Property Management ("IPM") agreed that, "[a]ll records, documents, and correspondence [involving CDL] will be maintained by Agent [i.e., IPM] in a complete, orderly, and readily accessible form." As the custodian of the CDL records, it is conceivable that CDL will have more documents than Defendant. The CDL production exceeds 10,000 pages; additionally, Plaintiff has these documents and can use them at the time of trial. Plaintiff seeks relief for defamatory statements made on April 18, 2025, and October 21, 2024; it is unclear how the specific CDL documents are relevant or responsive to the RFPs. These generalized assertions do not show a genuine discovery dispute.

**3. <u>Defendant's Requested Compromise or Resolution of the Issues:</u>**

Defendant respectfully submits that the Court should order full briefing on the propriety of an extension of discovery pursuant to Rule 16(b)(4). *See* ECF No. 9, at 4. Until the Court resolves that issue, this Court should forbid any discovery past November 30, 2026. Defendant believes that an extension of discovery is not warranted, and that this case should proceed to trial.

Dated: November 25, 2026.

HUTCHISON & STEFFEN, PLLC
*<u>/s/ Russell J. Carr</u>*
Russell J. Carr, Esq. (15191)
rcarr@hutchlegal.com
*Attorney for Kelly Mills Evers*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of Hutchison & Steffen, PLLC, and that on this date I caused to be served a true copy of the attached **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION REGARDING DISCOVERY DISPUTE** on all parties to this action by the method(s) indicated below:

☒ by courtesy email addressed to:
Travis F. Chance, Esq.
Sean S. Cuff, Esq.
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
tchance@bhfs.com
scuff@bhfs.com

☒ by using the Court's electronic notification system by submitting the foregoing to the United States District Court for the District of Nevada's ECF-filing System for Electronic Service upon the Court's Service List pursuant to Rule 26(a)(1). The copy of the document electronically served bears a notation of the date and time of service.

Dated: November 25, 2026.

*/s/ Hailey Teeter*
Employee of Hutchison & Steffen, PLLC

**EXHIBIT LIST**

| Exhibit # | Description | Pages* |
|---|---|---|
| Exhibit “1” | Declaration of Russell J. Carr, Esq. | 7 |
| Exhibit “2” | Emails from October 2, 2026. | 6 |

**Includes exhibit cover page.*